UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA DANIELS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIG GRRRL BIG TOURING, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-03571-FLA (PVCx)<br><br>**ORDER GRANTING MOTION TO DISMISS [DKT. 12]** |

## **RULING**

Before the court is Defendants Melissa Jefferson (a/k/a Lizzo, "Lizzo"), Big Grrrl Big Touring, Inc. ("BGBT"), and Carlina Gugliotta's ("Gugliotta") (collectively, the "BGBT Defendants") Motion to Dismiss ("Motion") portions of Plaintiff Asha Daniels' ("Plaintiff" or "Daniels") Second Amended Complaint ("SAC"). Dkt. 12 ("Mot.").[1] Plaintiff opposes the Motion. Dkt. 14 ("Opp'n"). On June 25, 2024, the court found this matter appropriate for resolution without oral argument and vacated

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed natively.

the hearing set for June 28, 2024. Dkt. 20; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and DISMISSES without leave to amend Plaintiff's first through sixth causes of action as to Defendants Lizzo and Gugliotta, and the ninth cause of action in its entirety. Plaintiff is ORDERED to show cause within seven (7) days why Defendant CAPS Payroll ("CAPS") should not be dismissed for failure to complete service of process. *See* Fed. R. Civ. P 4(m).

## BACKGROUND

On September 21, 2023, Plaintiff filed the Complaint in Los Angeles County Superior Court (the "Superior Court"), asserting claims against the BGBT Defendants for violation of the California Fair Employment and Housing Act ("FEHA") and the California Labor Code.[2] Dkt. 3-1 at 4–48. On December 15, 2023, the BGBT Defendants filed a demurrer to the Complaint. *Id.* at 77–88.

On January 10, 2024, Plaintiff filed the First Amended Complaint ("FAC"), adding Defendant CAPS to the action and asserting claims against the BGBT Defendants and CAPS for violations of the FEHA and California Labor Code. *Id.* at 128–84.[3] On February 14, 2024, Defendants filed a demurrer to the FAC, challenging the sufficiency of the pleading on grounds including that Plaintiff's claims were based on work performed and conduct that allegedly occurred in Europe, to which the FEHA and California Labor Code do not apply. *Id.* at 248–72. The Superior Court sustained the demurrer on March 27, 2024, with leave to amend. *Id.* at 321–24.

///

---

[2] Plaintiff additionally asserted a claim for assault against former Defendant Amanda Nomura ("Nomura") in the Complaint and amended pleadings. Dkt. 3-1 at 45–47, 170–72, 364–66. Nomura was dismissed from the action on April 30, 2024, at Plaintiff's request. Dkt. 3-1 at 371–73.

[3] Plaintiff has not yet filed proof of service of process as to CAPS. *See* Dkt. 3 ¶ 14. CAPS has not yet appeared in this action.

On April 1, 2024, Plaintiff filed the operative SAC, asserting nine causes of action for: (1) hostile work environment – sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against all Defendants; (2) racial harassment in violation of Title VII against all Defendants; (3) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") against all Defendants; (4) failure to accommodate in violation of the ADA against all Defendants; (5) failure to engage in the interactive process in good faith in violation of the ADA against all Defendants; (6) retaliation in violation of the ADA against all Defendants; (7) retaliation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a)(1) ("§ 207(a)(1)"), against BGBT and CAPS; (8) assault against former Defendant Nomura; and (9) unpaid overtime in violation of the FLSA against all Defendants. *Id.* at 326–69 ("SAC"). Plaintiff alleges she worked on Lizzo's "tour" from on or about February 14 to March 5, 2023. *Id.* ¶¶ 15, 17, 34. According to Plaintiff, she was subjected to "degradation, forced physical labor, denial of medical care, sexual harassment, and racial harassment" during her employment and terminated for raising these issues with Gugliotta. *Id.* ¶¶ 16, 32–34.

## DISCUSSION

**I.     Legal Standard**

Under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and brackets omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and parentheticals omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court need not accept as true allegations that contradict matters properly subject to judicial notice or established by exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

**II.     Analysis**

    **A.     Plaintiff's Ninth Cause of Action for Violation of the FLSA**

The ninth cause of action alleges Defendants failed to pay overtime in violation of § 207(a)(1). The BGBT Defendants move to dismiss the ninth cause of action on the grounds that § 207 does not apply to work performed extraterritorially.

4

29 U.S.C. § 213(f) provides:

> The provisions of sections 6, 7, 11, and 12 [29 U.S.C. §§ 206, 207, 211, 212] shall not apply with respect to any employee whose services during the workweek are performed in a workplace within a foreign country or within territory under the jurisdiction of the United States other than the following: a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C. § 1331, *et seq*.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island.

Plaintiff pleads facts which suggest all work performed as part of Lizzo's "tour" occurred in Europe. SAC ¶¶ 31, 46, 153. In sustaining Defendants' demurrer to the FAC, the Superior Court noted that while "the complaint never actually alleges that the misconduct occurred in Europe, … at least some of the allegations are Europe-centric" and "the timing is such that it would at least appear that the tour in question was the European tour." Dkt. 3-1 at 322. The Superior Court further noted that "[b]ecause [P]laintiff will be given leave to amend, if the court is wrong and the conduct took place in California, [P]laintiff need only so allege." *Id*. Plaintiff did not plead any additional facts in the SAC regarding the location of Lizzo's tour or identify any work that was performed in the United States. *See* SAC.

Plaintiff argues she performed work for Defendants "before the start of the tour on February 14 … and when requested to continue to work after the tour…." Opp'n at 12 (citing SAC ¶¶ 14–16, 37 (erroneously identified as Compl.)). The SAC alleges Plaintiff performed design work in September 2022, before Nomura requested Plaintiff join the tour in January 2023, and that Defendants requested Plaintiff perform further design work on an unspecified date after she was "abruptly fired," on or around March 6, 2023. SAC ¶¶ 14–15, 35–37. Plaintiff does not plead any facts to establish she incurred overtime in connection with the design work she performed in September 2022, or was requested to perform on the later, unspecified date. *See* SAC. Even when viewed liberally and in context, these allegations do not establish plausibly

1  that any portion of Plaintiff's claim arose from work performed in the United States or
2  qualifying territories.
3        The court, therefore, GRANTS the Motion on this basis and DISMISSES the
4  ninth cause of action in its entirety.  As the BGBT Defendants challenged the
5  sufficiency of Plaintiff's prior pleading on this basis (Dkt. 3-1 at 257–59), and
6  Plaintiff did not plead additional facts in the SAC to cure this defect, leave to amend is
7  DENIED.

      **B.**      **Plaintiff's First through Sixth Causes of Action Against Defendants Lizzo and Gugliotta**

10        The BGBT Defendants move to dismiss the first through sixth causes of action
11  against Lizzo and Gugliotta, on the grounds that Title VII and the ADA do not allow
12  for individual liability against supervisors.  Mot. at 7–9.  These Defendants note
13  Plaintiff previously identified BGBT and CAPS as her employers and characterized
14  Lizzo and Gugliotta as only "managing agents" of her employers.  *Id.* at 7–8 (citing
15  Dkt. 3-1 at 128–84, 291).  Plaintiff responds Lizzo and Gugliotta can be held liable
16  individually because the definition of "employer" under Title VII is broad and
17  includes agents of the actual employer.  Opp'n at 13–14 (citing 42 U.S.C. § 2000e(b)).
18        "The liability scheme[] under Title VII … limit[s] civil liability to the
19  employer."  *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).  As the
20  Ninth Circuit explained, while the statutory language can be construed to hold "that
21  supervisory personnel and other agents of the employer are themselves employers for
22  purposes of liability … the obvious purpose of this agent provision was to incorporate
23  respondeat superior liability into the statute."  *Id.* (brackets omitted).  "The statutory
24  scheme itself indicates that Congress did not intend to impose individual liability on
25  employees."  *Id.*  "Thus, … individual defendants cannot be held liable for damages
26  under Title VII…."  *Id.*  In *Walsh v. Nevada Department of Human Resources*, 471
27  F.3d 1033, 1038 (9th Cir. 2006), the Ninth Circuit held that "[b]ecause Title I of the
28  ADA adopts a definition of 'employer' and a remedial scheme that is identical to Title

VII, *Miller's* bar on suits against individual defendants also applies to suits brought under Title I of the ADA."

The court, therefore, DISMISSES the first through sixth causes of action against Defendants Lizzo and Gugliotta without leave to amend, as these claims are barred as a matter of law.

## CONCLUSION

For the aforementioned reasons, the court GRANTS the Motion and DISMISSES without leave to amend Plaintiff's first through sixth causes of action as to Defendants Lizzo and Gugliotta, and the ninth cause of action in its entirety.

Plaintiff is ORDERED to show cause within seven (7) days why Defendant CAPS Payroll should not be dismissed for failure to complete service of process. *See* Fed. R. Civ. P 4(m).

IT IS SO ORDERED.

Dated: December 2, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge