UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA DANIELS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BIG GRRRL BIG TOURING, INC., *et al*.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-03571-FLA (PVCx)<br><br>**ORDER DENYING AMENDED SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET [DKT. 42] AND CONTINUING PRETRIAL AND TRIAL DATES ON THE COURT'S OWN MOTION** |

　　　　On June 25, 2024, the court issued the operative Order re: Schedule of Pretrial and Trial Dates, Trial Requirements, and Conduct of Attorneys and Parties (the "Scheduling Order"). Dkt. 21.

　　　　On December 12, 2024, the court issued an Order dismissing Plaintiff Asha Daniels' ("Plaintiff") claims against former Defendant CAPS Payroll. Dkt. 36. In dismissing CAPS Payroll, the court also erroneously closed the action administratively. *Id.* at 2. On January 15, 2025, the court issued an Order reopening the action as to Plaintiff's claims against Defendant Big GRRRL Big Touring, Inc. ("Defendant"), which remained unresolved and pending. Dkt. 38.

/ / /

When the court closed the action in error, the court did not vacate the pretrial and trial dates and deadlines set under the Scheduling Order, and these dates and deadlines, therefore, remained operative when the action was reopened. *See* Dkts. 36, 38. The parties have not filed a stipulation, motion, or *ex parte* application for an extension of these dates and deadlines. Accordingly, the deadlines set forth in the Scheduling Order still control.

On April 11, 2025, the parties submitted a document titled "Amended Schedule of Pretrial and Trial Dates Worksheet" (the "Amended Schedule"), proposing new dates and deadlines. Dkt. 42. Based on the dates listed, the parties appear to seek a six-month continuance of all dates and deadlines in this action. As the court did not request the filing of this document, the court will construe the Amended Schedule as a stipulation to continue pretrial and trial dates and deadlines.

To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause showing); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that the standard focuses on a party's diligence and that "the inquiry should end" when diligence is not shown).

The parties do not present any facts sufficient to establish diligence or good cause for the continuance requested. In particular, the parties do not state why they need a six-month continuance of currently set and expired dates and deadlines, when the court closed the action administratively for only one month. Nor do the parties explain why they did not seek such continuance earlier, and instead waited for three months after the court reopened the action to bring this request.

Accordingly, the parties' request for a continuance is DENIED. Nevertheless, as the court closed the action administratively in error, the court will exercise its discretion to grant a limited continuance of pretrial and trial dates, as follows:

///

| Event | New Date |
|---|---|
| Fact Discovery Cut-off | 6/20/25 |
| Expert Disclosure (Initial) | 6/27/25 |
| Expert Disclosure (Rebuttal) | 7/11/25 |
| Expert Discovery Cut-off | 7/25/25 |
| Last Day to Hear Motions | 8/22/25 |
| Deadline to Complete Settlement Conference | 10/10/25 |
| Trial Filings (First Round) | 10/17/25 |
| Trial Filings (Second Round) | 10/31/25 |
| Final Pretrial Conference / Hearing on Motions in Limine | 11/14/25 at 1:30 p.m. |
| Jury Trial | 12/1/25 at 8:15 a.m. |

The parties should not expect a further continuance absent a specific showing, dating back to the removal of the action to this court, of all their efforts to complete discovery and other litigation activity timely. This detailed showing must demonstrate the work still to be performed could not have been accomplished reasonably within the applicable deadline(s). General statements are insufficient to establish good cause.

IT IS SO ORDERED.

Dated: April 16, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge