Neama Rahmani (State Bar No. 223819)
  efilings@westcoasttriallawyers.com
Ronald L. Zambrano (State Bar No. 255613)
  ron@westcoasttriallawyers.com
WEST COAST EMPLOYMENT LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff
ASHA DANIELS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA DANIELS, an Individual;<br><br>   Plaintiff,<br><br> vs.<br><br>BIG GRRRL BIG TOURING, INC., a Delaware Corporation; MELISSA JEFFERSON (aka "LIZZO"), as an Individual; CARLINA GUGLIOTTA, as an Individual; AMANDA NOMURA, as an Individual, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.  2:24-cv-03571 FLA (PVCx)<br><br>**PLAINTIFF'S SHORT BRIEF RE ASSERTION ATTORNEY-CLIENT PRIVILEGE WAS NOT WAIVED IN COMMUNICATIONS WITH NON-PARTIES WITH SAME ATTORNEY AGAINST SAME DEFENDANT ASSERTING SIMILAR CLAIMS** |

JOINT REQUEST FOR DECISION ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff respectfully submits this following in support of her contention communications between herself the plaintiffs with the same attorney against the same attorney.

## I.   BACKGROUND

Ronald Zambrano and the law firm West Coast Trial Lawyers, APLC ("WCTL"), represents Arianna Davis, Crystal Williams and Noelle Rodriguez in their claims against, *inter alia*,  Defendant Big Grrrl Big Touring ("BGBT") – LASC Case No. 23SMCV03553.  Defendants in that action filed an appeal following an order denying most of their anti-SLAPP Motion – Court of Appeal (2nd Dist.) Case No. B337528.  This action is between another WCTL client Asha Daniels.

Written messages between Daniels, Davis, Williams, and Rodriguez (collectively referred to as "Clients") were produced in this action.  Portions of those messages relay Mr. Zambrano (their respective attorney) told them or what they told Mr. Zambrano in connection with their claims against the same defendant.

Neither WCTL nor Plaintiff is asserting the communications between the Clients are wholly privileged from disclosures.  Rather, only those portions that relate to or repeat to what WCTL told the Clients or visa versa is privileged from disclosure through the attorney-client privilege vis a vis the "common interest" and/or the "joint client" doctrines.  These communications were made "in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten" (*Bruno v. Equifax Information Services, LLC* (E.D. Cal. 2019) 2019 WL 633454, at *10.)

## II.   NO WRITTEN AGREEMENT IS REQUIRED

Defendants erroneously asserted during the Informal Discovery Conference ("IDC") that a written agreement is required for a party to invoke the common interest or joint client doctrine.  The Ninth Circuit unambiguously ruled "it is clear that no written agreement is required, and that a common interest agreement may be implied from conduct and situation.  (*U.S. v. Gonzalez* (9thCir. 2012) 669 F. 3d 974, 979. (citing *In re Regents of Univ. of Cal.,* 101 F.3d 1386, 1389 (Fed.Cir.1996) (it may

`1

reasonably be inferred from consultation among clients and counsel allied in common legal cause that disclosures are confidential); *HSH Nordbank AG v. Swerdlow,* 259 F.R.D. 64, 72 n. 12 (S.D.N.Y.2009) (noting joint agreement need not be in writing to protect a communication); *Avocent Redmond Corp. v. Rose Elecs., Inc.,* 516 F.Supp.2d 1199, 1203 (W.D.Wash.2007) ("a written agreement is not required" to invoke the joint defense privilege).)

*Gonzalez's* ruling that no written agreement is required has been cited by over 40 California district courts, including *Finjan, LLC v. ESET, LLC* (S.D. Cal. 2021) 2021 WL 1541651, *Patagonia, Inc. v. Anheuser Busch, LLC* (C.D. Cal. 2020) 2020 WL 6260020, *1, *Thunder Studios, Inc. v. Kazal* (C.D. Cal. 2018) 2018 WL 11346848, at *5, and *Bruno v. Equifax Information Services, LLC* (E.D. Cal. 2019) 2019 WL 633454, at *10.

Based thereon, the lack of a written agreement between the parties and counsel about asserting a common interest or joint prosecution does not prevent assertion of the attorney client privilege for communications within those doctrines.

### III.   COMMON INTEREST AKA JOINT CLIENT DOCTRINE

The party invoking the protection of the common interest doctrine must establish: (1) the communication was made by separate parties in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege has not otherwise been waived." (In re Leslie Controls, Inc. (Bankr. D. Del. 2010) 437 B.R. 493, 496.)   Here, the redacted portions of the communications between the clients were made in the common interest of their similar employment claims against the same defendant, they were made to further that effort in that they're repeating what their attorney told them, and that privilege has not otherwise been waived.  On the third point, there is no contention by Defendant that the privilege was otherwise waived beyond the communications between the 4 clients.

In *Diagnostics Systems Corp. v. Symantec Corp,* a Central District court held where two parties shared with each other what their common counsel told them, there

was no waiver of the privilege. (*Ibid*. (C.D. Cal. 2008) 2008 WL 9396387, at *9.)  The district court in *Diagnostic Systems* ruled that "[u]nder the joint client or common interest doctrine, 'communications among joint clients and their counsel . . . are protected from disclosure to others." (*Id.* (citing *Griffith v. Davis,* (C.D.Cal.1995) 161 F.R.D. 687, 693 (*Griffith* found waiver because communication was not connected to litigation).) **"[T]he joint client doctrine typically has been applied to overcome what would otherwise have constituted a waiver of confidentiality because a communication has been shared between two clients."** (*Id.*)

The *Diagnostic Systems* court reasoned:

> Amado and DSC share an interest in the outcome of the instant litigation. Amado has been substantially involved in this litigation . . . through which he has been represented by SCB. Although he is not a named party, he is nearly a Plaintiff in the instant action. His clear common goal and involvement in the instant action, as well as his shared counsel with DSC, create a common interest privilege. For these reasons, the Special Master was correct in sustaining the privilege.  (*Id.*)

## A. Doctrine Applies to Communications Where No Attorney Present

Another Central District court in *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA* explicitly affirmed "the rationale for the joint defense [aka 'common interest'] rule remains unchanged: that persons who share a common interest in litigation should be able to communicate with their respective attorneys and ***with each other*** to more effectively prosecute or defend their claims." (*Ibid*. (C.D. Cal. 2013) 2013 WL 12136380, at *5 (emphasis added).)  *Amphastar* further explained the doctrine's applicability: "the privilege does not solely apply to cooperating defendants. It also applies to cooperating plaintiffs. Further, ***the privilege is not limited to co-parties***. The privilege ***does not require a complete unity of interests*** among the

`3

participants, and it may apply where the parties' interests are adverse in substantial respects." (*Id.* (internal citations omitted) (emphasis added).)

Applying these principles, *Amphastar* found that one party's pre-filing disclosure of the documents and other communications to the Government did not result in a waiver because sufficient commonality of interests such that they can successfully assert the joint prosecution privilege, even if the Government did not intervene. (*Amphastar, supra*, at *5)

To the extent the Defendant relies on *Pacific Pictures* (which was mentioned in the IDC), it is inopposite here.   That court rejected the argument that Toberoff had a common interest with the Government as the victim of a crime for lack of evidence that Toberoff and the USAO "agreed before the disclosure jointly to pursue sanctions against Toberoff's former employee." *Id.* Moreover, the court found no evidence that disclosure of the documents was intended to facilitate representation of either Toberoff or the Government. *Id.* at 1129-30.   Unlike Taboeroff and the Government in *Pacific Pictures*, the 4 Clients are jointly pursuing claims against the same party, and their communications of what WCTL shared with them or visa versa is connected to the representation of all of them.

Based thereon, the 4 Clients communications about what they told WCTL or visa versa is protected from disclosure under the "common interest" doctrine.

## IV.    JOINT-CLIENT DOCTRINE

Under the joint-client doctrine, communications among joint clients and their counsel are not privileged in disputes between the joint clients, but are protected from disclosure to others.   (*Griffith v. Davis* (C.D. Cal. 1995) 161 F.R.D. 687, 693.) the joint client doctrine typically has been applied to overcome what would otherwise have constituted a waiver of confidentiality because a communication had been shared between two clients. (Id. (citing *Metro Wastewater Reclamation v. Continental Cas.,* 142 F.R.D. 471, 476 (D.Colo.1992) ("[c]ommunications shared with third persons who have a common legal interest with respect to the subject matter thereof will be deemed

`4

neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship.").)    The *Griffith* court found waiver because the statements through documents were provided to the IRS through documents.  (Id.)

Where as the "common interest" doctrine can exist where parties are represented by different counsel, the "joint-client" doctrine exist where two parties are represented by the same counsel.  That is the case here, as WCTL represents all the Clients in their respective cases against the present defendant.

## V.    DEFENDANT CANNOT ESTABLISH RELEVANCE OF THE COMMUNICATIONS BEYOND "BIAS"

The party seeking disclosure must explain why it believes such documents are relevant to the matters at issue.  (*Madrigal, supra,* at *8.)  During the IDC, the Defendant posited communications that are redacted will show bias.   That is the basis for seeking these documents.  All communications (redacted or not) between the Clients, who all sued the same defendant  represented by the same counsel will be attempted to establish bias.  How are privileged communications relaying what an attorney said add to other communications that will be argued as "proving" bias?  All 4 of them are suing for money against the same person.  There's no added value to disclosure of protected communications.  And for failure to establish relevance beyond "bias" is an additional basis to deny the disclosure of privileged information protected from disclosure.

## VI.    CONCLUSION

Based on the foregoing, Plaintiff Daniels asserts the redacted portions of the communications between the Clients, who retained WCTL for employment claims against the present Defendant, are protected from disclosure under the doctrines of "common interest" and/or "joint-client."

Dated:  October ____, 2024                    WEST COAST TRIAL LAWYERS, APLC

By: s/____

`5

Ronald Zambrano, Esq.
Attorney for Plaintiff, ASHA DANIELS