Neama Rahmani (State Bar No. 223819)
   *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
   *ron@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
ASHA DANIELS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA DANIELS, as an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> BIG GRRRL BIG TOURING, INC, a Delaware Corporation; MELISSA JEFFERSON (aka "LIZZO"), as an Individual; CARLINA GUGLIOTTA, as an Individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-03571-FLA-PVC <br><br> Assigned for All Purposes to <br> District Judge: Hon. Fernando L. Aenlle-Rocha <br> Magistrate Judge: Hon. Pedro V. Castillo <br><br> **PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS PRODUCED BY ORDER DOCKET NO. 51** <br><br> Action Filed:    September 21, 2023 <br> Removed:        April 30, 2024 <br> Trial Date:        December 1, 2025 |

Pursuant to Local Rule 79-5.2.2(b), Plaintiff, ASHA DANIELS ("Plaintiff"), hereby submits this Application for Leave to File Under Seal Documents Designated by Plaintiff as Confidential Pursuant to a Protective Order. Plaintiff seeks to file under seal the unredacted version of the documents produced by Plaintiff in compliance with the Court's Order (Docket No. 51).

## I. BACKGROUND

Ronald Zambrano and the law firm West Coast Trial Lawyers, APLC ("WCTL"), represents Arianna Davis, Crystal Williams and Noelle Rodriguezin their claims against, inter alia, Defendant Big Grrrl Big Touring ("BGBT") – LASC Case No. 23SMCV03553. Defendants in that action filed an appeal following an order denying most of their anti-SLAPP Motion – Court of Appeal (2nd Dist.) Case No. B337528. This action is between another WCTL client Asha Daniels ("Plaintiff").

In response to Defendant BGBT's subpoenas to testify and produce documents at deposition, Arianna Davis, Crystal Williams, and Noelle Rodriguez ("Witnesses") produced several strings of text messages and social media chats between them and Plaintiff (collectively, "Clients"). Portions of those messages relay what Mr. Zambrano (their respective attorney) told them or what they told Mr. Zambrano in connection with their claims against the same Defendant. These portions were redacted under the assertion that they are privileged from disclosure under the attorney-client privilege through the "common interest" and/or the "joint client" doctrines.

After an informal discovery conference and subsequent briefing regarding the redactions at issue, the Court ordered Plaintiff to produce unredacted versions of the messages subject to the Stipulated Protective Order in this case and to be used in this litigation only. The Court also ordered Plaintiff to file an unredacted version of the messages pursuant to Local Rule 79-6. According to Local Rule 79-6.3, the Court, after reviewing a document in camera, may order it to be filed publicly or under seal. Since the Order does not specify whether the unredacted version of the messages are to be filed publicly or under seal, Plaintiff respectfully requests leave to file the unredacted

version of the messages under seal.

Neither WCTL nor Plaintiff is asserting the communications between the Clients are wholly privileged from disclosures. Rather, only those portions that relate to or repeat to what WCTL told the Clients or vice versa is privileged from disclosure through the attorney-client privilege vis a vis the "common interest" and/or the "joint client" doctrines. These communications were made "in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten" (*Bruno v. Equifax Information Services, LLC* (E.D. Cal. 2019) 2019 WL 633454, at *10.)

## II. LEGAL ARGUMENT

### A. NO WRITTEN AGREEMENT IS REQUIRED

A written agreement is required for a party to invoke the common interest or joint client doctrine. The Ninth Circuit unambiguously ruled "it is clear that no written agreement is required, and that a common interest agreement may be implied from conduct and situation. (*U.S. v. Gonzalez* (9thCir. 2012) 669 F. 3d 974, 979. (citing *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed.Cir.1996) (it may reasonably be inferred from consultation among clients and counsel allied in common legal cause that disclosures are confidential); *HSH Nordbank AG v. Swerdlow*, 259 F.R.D. 64, 72 n. 12 (S.D.N.Y.2009) (noting joint agreement need not be in writing to protect a communication); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F.Supp.2d 1199, 1203 (W.D.Wash.2007) ("a written agreement is not required" to invoke the joint defense privilege).)

*Gonzalez*'s ruling that no written agreement is required has been cited by over 40 California district courts, including *Finjan, LLC v. ESET, LLC* (S.D. Cal. 2021) 2021 WL 1541651, *Patagonia, Inc. v. Anheuser Busch, LLC* (C.D. Cal. 2020) 2020 WL 6260020, *1, *Thunder Studios, Inc. v. Kazal* (C.D. Cal. 2018) 2018 WL 11346848, at *5, and *Bruno v. Equifax Information Services, LLC* (E.D. Cal. 2019) 2019 WL 633454, at *10.

//

Based thereon, the lack of a written agreement between the parties and counsel about asserting a common interest or joint prosecution does not prevent assertion of the attorney client privilege for communications within those doctrines.

## B. COMMON INTEREST AKA JOINT CLIENT DOCTRINE

The party invoking the protection of the common interest doctrine must establish: (1) the communication was made by separate parties in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege has not otherwise been waived." (In re *Leslie Controls, Inc.* (*Bankr. D. Del.* 2010) 437 B.R. 493, 496.)  Here, the redacted portions of the communications between the clients were made in the common interest of their similar employment claims against the same defendant, they were made to further that effort in that they're repeating what their attorney told them, and that privilege has not otherwise been waived.  On the third point, there is no contention by Defendant that the privilege was otherwise waived beyond the communications between the 4 clients.

In *Diagnostics Systems Corp. v. Symantec Corp*, a Central District court held where two parties shared with each other what their common counsel told them, there was no waiver of the privilege. (*Ibid*. (C.D. Cal. 2008) 2008 WL 9396387, at *9.)  The district court in *Diagnostic Systems* ruled that "[u]nder the joint client or common interest doctrine, 'communications among joint clients and their counsel . . . are protected from disclosure to others." (*Id*. (citing *Griffith v. Davis*, (C.D.Cal.1995) 161 F.R.D. 687, 693 (*Griffith* found waiver because communication was not connected to litigation).) "[T]he joint client doctrine typically has been applied to overcome what would otherwise have constituted a waiver of confidentiality because a communication has been shared between two clients." (*Id*.)

The *Diagnostic Systems* court reasoned:

> Amado and DSC share an interest in the outcome of the instant litigation. Amado has been substantially involved in this litigation . . . through which he has been represented by SCB. Although he is not a named party, he is nearly a Plaintiff in the

instant action. His clear common goal and involvement in the instant action, as well as his shared counsel with DSC, create a common interest privilege. For these reasons, the Special Master was correct in sustaining the privilege. (*Id*.)

### 1. Doctrine Applies to Communications Where No Attorney Present

Another Central District court in *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA* explicitly affirmed "the rationale for the joint defense [aka 'common interest'] rule remains unchanged: that persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." (*Ibid*. (C.D. Cal. 2013) 2013 WL 12136380, at *5 (emphasis added).) *Amphastar* further explained the doctrine's applicability: "the privilege does not solely apply to cooperating defendants. It also applies to cooperating plaintiffs. Further, the privilege is not limited to co-parties. The privilege does not require a complete unity of interests among the participants, and it may apply where the parties' interests are adverse in substantial respects." (Id. (internal citations omitted) (emphasis added).)

Applying these principles, *Amphastar* found that one party's pre-filing disclosure of the documents and other communications to the Government did not result in a waiver because sufficient commonality of interests such that they can successfully assert the joint prosecution privilege, even if the Government did not intervene. (*Amphastar*, supra, at *5)

To the extent the Defendant relies on *Pacific Pictures* (which was mentioned in the IDC), it is inopposite here. That court rejected the argument that Toberoff had a common interest with the Government as the victim of a crime for lack of evidence that Toberoff and the USAO "agreed before the disclosure jointly to pursue sanctions against Toberoff's former employee." Id. Moreover, the court found no evidence that disclosure of the documents was intended to facilitate representation of either Toberoff or the Government. *Id*. at 1129-30. Unlike Taboeroff and the Government in *Pacific Pictures*, the 4 Clients are jointly pursuing claims against the same party, and their

communications of what WCTL shared with them or vice versa is connected to the representation of all of them.

Based thereon, the 4 Clients communications about what they told WCTL or vice versa is protected from disclosure under the "common interest" doctrine.

### C. JOINT-CLIENT DOCTRINE

Under the joint-client doctrine, communications among joint clients and their counsel are not privileged in disputes between the joint clients, but are protected from disclosure to others. (*Griffith v. Davis* (C.D. Cal. 1995) 161 F.R.D. 687, 693.) the joint client doctrine typically has been applied to overcome what would otherwise have constituted a waiver of confidentiality because a communication had been shared between two clients. (*Id*. (citing *Metro Wastewater Reclamation v. Continental Cas.*, 142 F.R.D. 471, 476 (D.Colo.1992) ("[c]ommunications shared with third persons who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship.").)  The Griffith court found waiver because the statements through documents were provided to the IRS through documents. (Id.)

Where as the "common interest" doctrine can exist where parties are represented by different counsel, the "joint-client" doctrine exist where two parties are represented by the same counsel. That is the case here, as WCTL represents all the Clients in their respective cases against the present defendant.

### III.   CONCLUSION

Based on the foregoing, Plaintiff asserts the redacted portions of the communications between the Clients, who retained WCTL for employment claims against the present Defendant, are protected from public disclosure under the doctrines of "common interest" and/or "joint-client." Accordingly, Plaintiff seeks leave to file the unredacted version of the messages under seal.

//

//

| | | |
|---|---|---|
| 1 | Dated: June 30, 2025 | WEST COAST EMPLOYMENT LAWYERS, APLC |
| 2 | | |
| 3 | | BY: _____ |
| 4 | | Ronald L. Zambrano, Esq. |
| 5 | | Attorney for Plaintiff, ASHA DANIELS |

-7-

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS PRODUCED BY ORDER DKT. #51

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 1147 South Hope Street, Los Angeles, CA 90015.

On June 30, 2025, I served the foregoing documents described as: **PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS PRODUCED BY ORDER DOCKET NO. 51** on the interested parties in this action by placing a true copy or original thereof enclosed in a sealed envelope, addressed as follows: **SEE MAILING LIST**

☐ **BY MAIL (FRCP 5):** I am readily familiar with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION (FRCP 5):** I caused such documents to be delivered via facsimile transmittal to the office of the addressee. The transmission(s) reported as complete and without error.

X **BY ELECTRONIC MAIL (FRCP 5(b)2(E)):** I caused such documents to be to be sent from the e-mail address madilaine@westcoasttriallawyers.com to the persons at the e-mail address(es) listed in the mailing list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY (FRCP 5):** I caused such documents to be delivered via express service carrier to the office of the addressee.

☐ **BY PERSONAL SERVICE (FRCP 5):** I caused such documents to be hand-delivered to the office of the addressee.

☐ State       X Federal

I declare under penalty of perjury pursuant to the laws of the State of California and the Federal Government of the United States of America that the foregoing is true and correct.

Executed on June 30, 2025, at Los Angeles, California.

_____
Madilaine Yazon Venzon

## MAILING LIST

| | |
|---|---|
| Martin D. Singer, Esq.<br>  *mdsinger@lavelysinger.com*<br>Michael E. Weinsten, Esq.<br>  *mweinsten@lavelysinger.com*<br>Melissa Y. Lerner, Esq.<br>  *mlerner@lavelysinger.com*<br><br>Megan Mallonee<br>  *mmallonee@lavelysinger.com*<br>Noelia Echesabal<br>  *nechesabal@lavelysinger.com*<br><br>LAVELY & SINGER, APC<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 | Counsel for Defendants,<br>Big Grrrl Big Touring, Inc., Melissa Jefferson (aka "Lizzo"), and Carlina Gugliotta |

PROOF OF SERVICE
-2-