1  **MARTIN D. SINGER (SBN 78166)**
   mdsinger@lavelysinger.com
2  **MICHAEL E. WEINSTEN (SBN 155680)**
   mweinsten@lavelysinger.com
3  **MELISSA Y. LERNER (SBN 285216)**
   mlerner@lavelysinger.com
4
5  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
6  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
7  Telephone: (310) 556-3501
8
9  Attorneys for Defendant
   BIG GRRRL BIG TOURING, INC.
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| ASHA DANIELS, an Individual; | Case No.  2:24-cv-03571 FLA (PVCx) |
| Plaintiff, | [Hon. Fernando L. Aenlle-Rocha; Magistrate Judge: Hon.  Pedro V. Castillo] |
| vs. | |
| BIG GRRRL BIG TOURING, INC., a Delaware Corporation; MELISSA JEFFERSON (aka "LIZZO"), as an Individual; CARLINA GUGLIOTTA, as an Individual; AMANDA NOMURA, as an Individual, and DOES 1 through 10, inclusive, | **DISCOVERY MATTER** |
| | **DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a) AND 37(c)** |
| Defendants. | [Declaration of Melissa Y. Lerner; [Proposed] Order filed concurrently herewith] |
| | Date/Time: Under Submission Hon. Pedro V. Castillo Courtroom 590 |

7488-4

---

DEFENDANT BIG GRRRL BIG TOURING, INC.'S BRIEF RE DISCOVERY DISPUTE

**PLEASE TAKE NOTICE** that on September 9, 2025 at 10:00 a.m. in Courtroom 590 in the Roybal Federal Building and United States Courthouse located at 255 E. Temple Street, Los Angeles CA, 90012, or such other date on which the Court is available, Defendant BIG GRRRL BIG TOURING, INC. ("BGBT" or "Defendant") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 26 and 37, for an order imposing evidentiary sanctions against Plaintiff ASHA DANIELS ("Daniels" or "Plaintiff") excluding any evidence regarding Plaintiff's alleged treatment by mental health professionals and excluding the expert report of Judy Ho, Ph.D. dated June 27, 2025 or the testimony of Judy Ho, Ph.D. Defendant's Motion is made following an informal discovery conference held before the Honorable Pedro V. Castillo on August 6, 2025 and pursuant to the Court's order therein. (*See* ECF No. 61.)

This Motion is made on the basis that (i) Daniels failed to supplement her response to Request for Production No. 25, seeking all documents supporting Daniels' emotional distress damages claim, to include records of her purported treatment by mental health professionals prior to the June 22, 2025 fact discovery cut-off date in violation Federal Rule of Civil Procedure 26(e)(1) and (ii) the expert report of Judy Ho, Ph.D. dated June 27, 2025 is deficient insofar as it does not include "the facts or data considered by [Dr. Ho] in forming" her opinions, including, without limitation, the full test results, materials and/or the data underlying the test results for the psychological tests that she administered to Daniels, in violation of Federal Rule of Civil Procedure 26(a)(2)(B)(ii). Daniels' failure to comply with Federal Rule of Civil Procedure 26(a) and (e) is not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Accordingly, because Daniels has "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e), [Daniels] is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial" pursuant to Federal Rule of Civil Procedure 37(c)(1) and evidentiary sanctions

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

excluding any evidence pertaining to her mental health treatment and the report and testimony of her expert, Judy Ho, Ph.D.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the Declaration of Melissa Y. Lerner and exhibits thereto; those matters of which the Court may properly take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence; all pleadings and papers on file in this action; and such other or further material or oral argument as may be presented to the Court at or before the hearing of this Motion.

Dated:   August 13, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
MELISSA Y. LERNER

By:   _s/ *Melissa Y. Lerner*_____
     MELISSA Y. LERNER
Attorneys for Defendant
BIG GRRRL BIG TOURING, INC.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................ 7

II.     FACTUAL BACKGROUND ............................................................... 8

        A.      Plaintiff's Failure to Produce Mental Health Records................... 8

        B.      Plaintiff's Failure to Produce Psychological Test and Interview Results,
                Materials and Data Considered by Dr. Ho...................................... 12

        C.      Plaintiff's Failure to Provide Dr. Ho for Deposition Prior to the Expert
                Discovery Cut-Off. ........................................................................ 15

III.    RULE 37 SANCTIONS FOR DANIELS' VIOLATIONS OF RULE 26(a)
        AND RULE 26(e) ............................................................................. 17

        A.      The Court Should Sanction Daniels By Excluding Any and All Evidence
                Regarding Her Alleged Treatment by Mental Health Professionals....... 17

        B.      The Court Should Sanction Daniels By Excluding the Ho Report, Dr.
                Ho's Testimony and Any Other Material Furnished by Dr. Ho.............. 19

IV.     CONCLUSION................................................................................... 26

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chinitz v. Intero Real Estate Servs.*,
    2020 WL 7391299 (N.D. Cal. July 22, 2020) ....................................................20

*Goodman v. Staples The Office Superstore, LLC*,
    644 F.3d 817 (9th Cir. 2011) .......................................................................17

*Ioane v. Noll*,
    No. 1:07-cv-00620-AWI-EPG, 2020 WL 4208365 (E.D. Cal. July
    22, 2020) ......................................................................................21

*Key v. Qualcomm Inc.*,
    129 F.4th 1129 (9th Cir. 2025) ...................................................................17

*Lyons v. Leatt Corp.*,
    322 F.R.D. 327 (N.D. Ind. 2017) ................................................................21

*Mulrine v. Acuity*,
    No. 3:22-cv-148, 2024 WL 2327790 (S.D. Ohio May 22, 2024) ....................21

*Percelle v. Pearson*,
    No. 12-cv-05343-THE, 2016 WL 6427883 (N.D. Cal. Oct. 31, 2016) ............22

*Pike v. Cnty. of San Bernadino*,
    No. EDCV 17-1680 ...................................................................................21

*Propat Int'l Corp. v. Rpost, Inc.*,
    No. SACV 03-1011 ...................................................................................20

*Taylor v. Erna*,
    No. 08–10534–DPW, 2009 WL 2425839 (D. Mass. Aug. 2009) ....................21

*United States v. City of Torrance*,
    163 F.R.D. 590 (C.D. Cal. 1995)................................................................20

*Wong v. Regents of Univ. of Cal.*,
    410 F.3d 1052 (9th Cir. 2005) ...................................................................25

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ...................................................................17

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

**Other Authorities**

Fed. R. Civ. P. 26(a) ..................................................................8, 15, 17, 25, 26

Fed. R. Civ. P. 26(a)(2)(B) .................................................................... 19-21

Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) ...............................................................19

Fed. R. Civ. P. 26(a)(2)(B)(ii) ..........................................................7, 8, 22

Fed. R. Civ. P. 26(e)(1)......................................................................8, 17

Fed. R. Civ. P. 26(b)(4)(B) and (C) ..............................................................21

Fed. R. Civ. P. 34 .......................................................................................8

Fed. R. Civ. P. 37 ...............................................................8, 17, 25

Fed. R. Civ. P. 37(c)(1)................................................................................17

Fed. R. Civ. P. 37 (i) ...................................................................................26

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This discovery dispute arises from Plaintiff Asha Daniels' failure to comply with her discovery obligations under Rule 26 of the Federal Rules of Civil Procedure and the prejudice suffered by Defendant Big Grrrl Big Touring, Inc. as a direct result.[1] First, Daniels failed to supplement her production to include documents responsive to Request for Production ("RFP") No. 25, which sought the production of all documents, including medical records, pertaining to her emotional distress damages claim. Daniels disclosed for the first time at her continued deposition on June 17, 2025 (*five days* before the fact discovery cut-off) that she purportedly began treatment with a psychologist and a psychiatrist approximately two years after her termination by BGBT. Daniels did not produce records of her treatment and/or consultation with these mental health professionals, which are unquestionably responsive to RFP No. 25, prior to the June 22 fact discovery cut-off. After multiple requests by BGBT over the span of a month and a half, Plaintiff has yet to produce these records to this day. Due to Plaintiff's violation of Rule 26(e), BGBT was deprived of these documents when deposing her.

Second, Daniels' expert disclosure for her retained psychological expert, Judy Ho, Ph.D. ("Dr. Ho"), is deficient because Dr. Ho's expert report dated June 27, 2025 ("Ho Report") does not include "the facts or data considered by [Dr. Ho] in forming [her opinions]" as required by Rule 26. Fed. R. Civ. P. 26(a)(2)(B)(ii). Specifically, although she identifies ten psychological tests and interviews she administered during her June 4 evaluation of Daniels, Dr. Ho provides only a high level summary of *some* results of *some* tests. The Ho Report does not include the full test results or the data underlying those results, the test materials or contemporaneous records generated by Dr. Ho during the interviews or any other part of the evaluation. For example, for the

---

[1] Unless stated otherwise, all references to a "Rule" shall be to the Federal Rules of Civil Procedure ("FRCP").

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

ultimate gold-standard test relevant to the case at bar (*i.e.*, the Minnesota Multiphasic Personality Inventory-3 ("MMPI-3")), Dr. Ho presents cherry-picked results that she generally claims support her opinions while failing to disclose those she considered but on which she ultimately chose not to rely, including the most important validity-scale score. Due to Daniels' failure and refusal to disclose the full test results, materials and underlying data, BGBT's expert, James E. Rosenberg, M.D. ("Dr. Rosenberg"), was forced to conduct his own medical examination of Plaintiff and prepare his rebuttal report without the benefit of those materials, as well as the missing records pertaining to Plaintiff's treatment by mental health providers.

Plaintiff cannot establish that her discovery failures are substantially justified or harmless, and, as set forth in the accompanying Declaration of Melissa Y. Lerner ("Lerner Declaration"), Defendant has suffered and will continue to suffer undue prejudice due to Plaintiff's discovery misconduct.

As a result of Plaintiff's unjustified and unduly prejudicial failure to comply with her discovery obligations under Rule 26(a) and (e), Defendant respectfully requests that the Court issue evidentiary sanctions pursuant to Rule 37 precluding Plaintiff from introducing or relying on the following in any future pre-trial filings, motions, hearings and/or at trial in support of her claims: (i) any evidence, including Plaintiff's own testimony, that she sought and received treatment from mental health professionals at any time after her termination by BGBT in early March 2023 and (ii) the Ho Report and/or testimony from Dr. Ho regarding the opinions identified in the Ho Report.

## II. <u>FACTUAL BACKGROUND</u>

### A. <u>Plaintiff's Failure to Produce Mental Health Records.</u>

On June 6, 2024, BGBT served its first set of Requests for Production of Documents to Daniels ("RFPs (Set One)") pursuant to Rules 26 and 34. Lerner Declaration ("Lerner Decl.") ¶ 2. This set of requests included RFP No. 25 ("RFP 25"), by way of which which BGBT sought:

> All DOCUMENTS that SUPPORT YOUR claim for emotional distress damages, including, without limitation, DOCUMENTS that evidence, refer to or reflect YOUR treatment by any PERSON (including, without limitation, therapists, psychiatrists, psychologists and/or other providers) and medications prescribed to YOU.

*Id.* ¶ 2, Ex. A at p. 2. On July 5, 2024, Plaintiff served objections and responses to BGBT's RFPs (Set One). Lerner Decl. ¶ 2. Plaintiff provided the following response to RFP No. 25:

> Plaintiff incorporates all General Objections. Plaintiff further objects to this request on the basis that it: (1) is vague, ambiguous, and overbroad; (2) seeks documents and information that are protected by the attorney-client privilege and attorney work product doctrine; (3) seeks documents containing protected health information subject to patient-provider privilege and confidentiality; (4) requires Plaintiff, a lay person, to form an expert legal opinion; and (5) calls for a legal conclusion. Subject to and without waiving these objections, Plaintiff responds as follows:
>
> ***After reasonable search and diligent inquiry, Plaintiff will produce responsive documents within her possession, custody, and control. Plaintiff is fully complying with this request, and no documents are being withheld for any reason.***

*Id.* ¶ 2, Ex. A at p. 2 (emphasis added). On July 7, 2024, Plaintiff produced 65 pages of documents responsive to the RFPs (Set One). Lerner Decl. ¶ 3. None of these documents pertained to records of Plaintiff's treatment by a mental health provider or

1    other medical professional. *Ibid.* On July 10, 2024, the Court signed and entered the

2    parties' Stipulated Protective Order. (ECF No. 23.)

3        On May 8, 2025, Daniels produced 36 more pages of documents responsive to

4    the RFPs (Set One), consisting of her text message correspondence with Wardrobe

5    Manager Amanda Nomura and Tour Manager Carlina Gugliotta and metadata. Lerner

6    Decl. ¶ 3. Again, the production did not contain records of Plaintiff's treatment by

7    mental health providers or other medical professionals. *Id.* ¶¶ 3-4.

8        At her continued deposition on June 17, 2025, Plaintiff disclosed for the first

9    time that she had been seeing a psychiatrist (whose name she did not know "offhand"

10   at first, but later identified as Dr. Lisa Morse) and therapist Mary Marks since February

11   2025, and testified that these mental health providers possessed medical records

12   regarding her purported condition. Lerner Decl. ¶ 5, Ex. B at 351:15-356:14, 361:9-

13   362:7. Although Plaintiff produced additional documents on June 17 pertaining to her

14   testimony on another subject, she did not produce the records of her treatment with any

15   mental health providers that day or at any other time prior to the fact discovery cut-off

16   date of June 22, 2025. Lerner Decl. ¶ 6.

17       On June 27, 2025, Daniels served her expert disclosures, including the Ho

18   Report. Lerner Decl. ¶ 8, Ex. C. As reflected in the Ho Report, on June 4, 2025, Dr.

19   Ho "conducted a comprehensive psychological evaluation" of Daniels. *Id.* at p. 6.

20   During this evaluation, Daniels informed Dr. Ho that she "initiated therapy with her

21   current provider, Mary Marks, LCSW" and "began psychiatric care . . . with Dr. Lisa

22   Morse" in ***January 2025*** – a month earlier than she testified to at her continued

23   deposition. *Id.* at p. 20.

24       After receiving the Ho Report, BGBT's counsel promptly contacted Plaintiff's

25   counsel on June 30, 2025 to request production of the records of Plaintiff's treatment

26   with Dr. Morse and Ms. Marks. *See* Lerner Decl. ¶ 8, Ex. D at pp. 3-4. Over six weeks

27   later, Plaintiff has yet to produce these records, which are unquestionably responsive

28   to RFP No. 25. Lerner Decl. ¶ 9.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

BGBT's diligence is well-documented. Counsel for BGBT requested an update regarding production of Plaintiff's mental health provider records on July 14, 18, 21, 22 and 23, 2025. Lerner Decl. ¶ 9, Ex. E at pp. 1-3, 4-5. Plaintiff's counsel did not respond substantively to any of those emails, forcing BGBT to request an informal discovery conference ("IDC") with the Court on July 22, 2025. Lerner Decl. ¶ 10, Ex. F at pp. 9-10. It was only after BGBT sought the assistance of the Court that Plaintiff's counsel deigned to respond regarding the missing medical records. On July 23, 2025, Plaintiff's counsel represented to the Court that there was "no actual dispute" because Plaintiff planned to produce the records. *Id.* at pp. 7-8. Believing that this representation to the Court (which was also first time BGBT learned that Plaintiff had agreed to produce the records) was made in good faith, BGBT continued to wait for production of the records for approximately a week. Lerner Decl. ¶ 11. On August 1, 2025, BGBT again requested the Court schedule an IDC regarding this and other discovery disputes between the parties. *Id.* ¶¶ 10-11, Ex. F at pp. 4-5.

During the August 6 IDC, Plaintiff's counsel claimed that he did not learn about his client's treatment with a therapist and psychiatrist until her continued deposition on June 17, 2025. Lerner Decl. ¶ 12. Setting aside that this representation is implausible at best, Plaintiff's counsel was obligated to provide his client with a copy of BGBT's RFPS (Set One) to ensure she was on notice that records pertaining to any treatment with mental health providers had been requested by BGBT in discovery. *Ibid.* Apparently, Plaintiff's counsel failed to do so. He also could not articulate any justification for his continued failure to disclose these records. Instead, he stated that he had sent requests to both providers, that they were associated with larger organizations that required records to be obtained through a separate department, that people working in those records departments were on vacation and that at least one of the providers had not responded to his request at all. *Ibid.*

As a result of Plaintiff's failure to timely supplement her document production in response to RFP No. 25, BGBT was deprived of these records when deposing

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

Daniels on June 2 and 17, 2025. Lerner Decl. ¶ 13. Additionally, BGBT's expert was forced to conduct his mental examination of Plaintiff and prepare his rebuttal report without access to Plaintiff's mental healthcare records. *Ibid.* Fact discovery closed on June 22, 2025. (ECF No. 43 at p. 3.) The August 18 expert discovery cut-off (which was already continued by the Court from July 25 at the parties' request) is days away. (*Ibid.*; *see also* ECF No. 56.) It is simply too late to remedy the prejudice to BGBT. The parties would need to obtain leave from the Court to reopen fact discovery and BGBT would have to depose Daniels a third time. Lerner Decl. ¶ 23. The parties would also need to obtain leave from the Court to reopen expert discovery so that BGBT's expert, Dr. Rosenberg, could continue his mental examination of Plaintiff and amend his expert report. *Ibid.* Doing so would cost BGBT many thousands of dollars and would be a significant distraction from preparing for trial and significant pre-trial filings. *Ibid.*

### B. <u>Plaintiff's Failure to Produce Psychological Test and Interview Results, Materials and Data Considered by Dr. Ho.</u>

On June 30, 2025, BGBT notified Daniels that the Ho Report was deficient and failed to satisfy the requirements of Rule 26 because it lacked "a list of other cases in which Dr. Ho has testified" and the "facts and data considered by Dr. Ho in preparing her report." Lerner Decl. ¶¶ 8, 14, Ex. D at pp. 3-4 (citing Fed. R. Civ. P. 26(a)(2)(B)(ii), (v)). BGBT's counsel specifically requested that Plaintiff produce the full results of the psychological tests administered by Dr. Ho and notes from her June 4, 2025 psychological evaluation of Plaintiff. *Ibid.* On July 1, 2025, counsel for Plaintiff responded that he would supplement the Ho Report but did not address the lack of test results, materials and underlying data identified by BGBT's counsel. *Id.* at pp. 2-3.

Nearly three weeks later, on July 23, 2025, Plaintiff supplemented the Ho Report by serving an updated copy of Dr. Ho's CV and list of expert witness testimony from the past four years. Lerner Decl. ¶ 9, Ex. E at p.1. However, Plaintiff did not produce

the test materials, full test results and underlying data for the psychological tests
administered to Plaintiff by Dr. Ho or any notes or other contemporaneous records of
Dr. Ho's June 4 evaluation. *Ibid.*; *see also* Lerner Decl. ¶ 15. As a result, BGBT's
expert, Dr. Rosenberg, was deprived of these records when preparing for and
conducting his medical examination of Daniels on July 25, 2025. Lerner Decl. ¶ 13.

On July 29, 2025, counsel for BGBT followed up again regarding the full test
results, materials and underlying data missing from the Ho Report, citing Rule 26 and
relevant case law. Lerner Decl. ¶ 16, Ex. H at pp. 3-4. Again, BGBT's counsel
emphasized the time-sensitivity of the request due to the upcoming August 4 deadline
for BGBT to serve its rebuttal expert disclosures. *Ibid.* Plaintiff's counsel responded:
*"Did you propound a discovery RFP asking for this data? I don't remember seeing
one. To cross the Ts and Is, I think a better course of action is to send an RFP request
along with your NOD asking for these before you meet and confer they were not
provided." Id.* at p. 3.

On July 30, BGBT's counsel wrote back, noting that Rule 26 requires that all
data and/or facts considered by Dr. Ho be included in her expert report and that BGBT
had no obligation to propound additional discovery requests as part of a notice for an
unscheduled deposition to obtain these materials. *Id.* at pp. 1-3. BGBT also cited the
Advisory Committee Notes to the 2010 amendment of Rule 26 and relevant case law
to support its position. *Id.* at p. 2. On July 30, 2025, Plaintiff's counsel responded that
he did not agree with BGBT's reading of the Advisory Committee Notes. *Id.* at p. 1.
On August 5, 2025, Plaintiff's counsel sent an email to the Court's clerk, taking the
position that the Ho Report complied with Rule 26 requirements and that the case cited
by BGBT was "unhelpful as that MIL ruling itself omits any authority besides citing
Rule 26 from which to glean some reasoning of the outcome." Lerner Decl. ¶¶ 10, 17,
Ex. F at p. 3.

At the IDC, Plaintiff's counsel reiterated his position that the case cited by
BGBT is inapposite and that Rule 26 does not require the disclosure of test results.

Lerner Decl. ¶ 17. As of the date of this Motion, Plaintiff has not produced the facts or data considered by Dr. Ho in forming her opinions.

In his expert report dated August 4, 2025, Dr. Rosenberg explained how the withholding of the test results and data was improper and prejudicial:

> On Dr. Ho's MMPI-3 test, the ultimate gold-standard test in this context, Dr. Ho has only provided a small fraction of the available test scores; mischaracterized the overall significance or results of Ms. Daniels' MMPI-3 validity profile; and, for unclear reasons, omitted the primary or key validity indicator of exaggeration or fabrication of emotional symptoms, such as anxiety or depression, the F scale, in the context of a number of other validity-scale scores strongly suggesting gross exaggeration or outright fabrication of plaintiff's emotional-injury complaints[.] . . .
>
> Dr. Ho failed to provide the vast majority of the results of her psychological testing of Ms. Daniels, which reasonably should have been included as a data summary page in her report, and the redacted psychological test reports as attachments to her expert Rule 26 report[.]
>
> The lack of information regarding the results of her psychological testing unnecessarily deprived me of that information prior to my face-to-face examination of Ms. Daniels, or in the preparation of this Rule 26 rebuttal report[.]
>
> While Dr. Ho has reportedly provided none of her psychological testing reports thus far in this litigation, the most appropriate and reasonable standard for the majority of

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

her psychological tests would have been to provide the reports in redacted form, as I've done[.]

In support of my position, I have included among my attachments to this report sample test reports downloaded from the respective test publishers' publicly available sites for the following tests that Dr. Ho used: BAI, BDI-II, BHS, MCMI-IV, MMPI-3, and SIMS, i.e., all of the tests that she utilized except the SIRS[.] . . .

In this case, Dr. Ho's MMPI-3 raises substantial concerns that Ms. Daniels generated a profile indicative of severe exaggeration or outright fabrication of symptoms[.]

Lerner Decl. ¶ 13, Ex. G at pp. 40-42; *see also id.* at pp. 50-104 (Appendices A and B). Even if BGBT were to receive the requested materials at this late date, this will do nothing to alleviate the harm already caused. As discussed in Section II.A., *supra*, the parties would need to obtain leave from the Court to reopen expert discovery so that Dr. Rosenberg could prepare for and conduct a further mental examination of Plaintiff and amend his expert report. Lerner Decl. ¶ 23. This would not only come with a hefty price tag but would undoubtedly interfere with BGBT's trial preparation and pre-trial work. *Ibid*. It is too late to correct the prejudice to BGBT from Plaintiff's willful disregard for the requirements of Rule 26(a).

## C. **Plaintiff's Failure to Provide Dr. Ho for Deposition Prior to the Expert Discovery Cut-Off.**

On July 11, 2025, BGBT sent its first request to Plaintiff's counsel for Dr. Ho's availability for her deposition in August. Lerner Decl. ¶ 19, Ex. I at p. 13. Although BGBT diligently followed up to schedule Dr. Ho's deposition, Plaintiff delayed and obfuscated for weeks and ***never*** provided a date prior to the August 18, 2025 expert discovery cut-off on which Dr. Ho would sit for a full-day deposition. *See generally* Lerner Decl. ¶ 19, Ex. I.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

During the August 6 IDC, the Court ordered the parties to schedule the deposition of Dr. Ho prior to the expert discovery cut-off date and, if the parties could not do so by August 8, instructed BGBT to apply to the Court for a subpoena (ECF No. 61.) On August 8, BGBT's counsel initiated correspondence with Plaintiff's counsel, during which the latter reiterated that Dr. Ho was unavailable to sit for her deposition on or before August 18 and inquiring whether a date in September would work instead. Lerner Decl. ¶ 20, Ex. L. On August 10, BGBT applied to the Court for a deposition subpoena with document requests to Dr. Ho, setting the deposition for August 18, 2025. Lerner Decl. ¶ 20.[2] On August 12, 2025, the Court issued the subpoena and ordered Dr. Ho to appear for her deposition on August 18, 2025. (ECF Nos. 66-67.) On August 13, 2025, Dr. Ho's personal counsel, Kevin Block, accepted the subpoena on her behalf via email. Lerner Decl. ¶ 21, Ex. J at pp. 2-4. Mr. Block also notified counsel for BGBT that Dr. Ho would be out of town on vacation and unavailable to be deposed from August 15 to 25, and confirmed that Dr. Ho would not appear for her deposition on August 18. *Id.* at p. 4.[3]

---

[2] It was only ***after*** BGBT had applied to the Court for a subpoena to Dr. Ho in compliance with the Court's order – and after the Court confirmed that her expert deposition must be completed in a timely manner prior to the discovery cut-off date – that Plaintiff's counsel first notified BGBT's counsel that Dr. Ho could, in fact, sit for her deposition after returning from vacation on August 26. Lerner Decl. ¶ 20, Ex. L at p. 3.

[3] For the first time on August 13 – the deadline for BGBT to submit this Motion – Plaintiff's counsel stated that Dr. Ho would produce the full test results, underlying data, testing materials and records generated during the June 4 psychological evaluation of Plaintiff. Lerner Decl. ¶¶ 21-22, Ex. J at p. 1. This representation comes at the eleventh hour and cannot undo the harm suffered by BGBT as a result of the deficiencies in the Ho Report and Plaintiff's sandbagging for the past month and a half. *See* Section II.B., *supra*. Plaintiff's failure to produce Dr. Ho for deposition prior to the expert discovery cut-off date, which has already been extended, may potentially be the subject of a separate motion for sanctions.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

### III.  RULE 37 SANCTIONS FOR DANIELS' VIOLATIONS OF RULE 26(a) AND RULE 26(e)

#### A.  The Court Should Sanction Daniels By Excluding Any and All Evidence Regarding Her Alleged Treatment by Mental Health Professionals.

Under Rule 26, Plaintiff is obligated to supplement and/or amend her disclosures (initial, expert and pre-trial) and responses to requests for production of documents "in a timely manner if [she] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Rule 37 states, in relevant part, that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As the Ninth Circuit has recognized, "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure. The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal citations omitted). Exclusion under Rule 37 is appropriate even if the sanctioned party did not violate an explicit court order to produce certain discovery. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[T]he burden is on the party facing sanctions to prove harmlessness." *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025) (internal citations and quotations omitted).

Based on her failure to supplement her production to include records of her alleged treatment by mental health professionals in violation of Rule 26(e), Daniels

should be precluded from offering any evidence, including her own testimony, regarding this subject in any future motions, filings, hearings or at trial. Daniels has set forth no legitimate excuse for her failure to produce these medical records, which are unquestionably relevant to her claims of emotional distress damages and directly responsive to a document request served over a year ago. Even assuming Daniels' counsel was not aware that his client was treating with mental health professionals for months until her continued deposition on June 17 (which would also require the related assumption that Dr. Ho never told Daniels' counsel about this after Daniels disclosed it during the June 4 psychological evaluation), this negligence and lack of diligence does not excuse failure to comply with ongoing discovery obligations under Rule 26(e). Plaintiff's counsel had an obligation to inform his client about the documents requested by BGBT in discovery. Daniels knew or should have known that any mental health treatment she underwent was material and relevant to her case and that BGBT sought records of such treatment.

Nor can Plaintiff establish that her violation of Rule 26(e) is harmless. To the contrary, BGBT has been significantly prejudiced by Daniels' failure to produce the records at issue. BGBT's counsel did not have the benefit of these records when deposing Daniels in June. Lerner Decl. ¶ 13. BGBT's expert, Dr. Rosenberg, was forced to complete his mental examination of Daniels and to prepare his expert report without the benefit of these records. *Ibid.* As noted in Section II.A., *supra*, if Daniels were to produce these documents now – nearly two months after the close of fact discovery and on the eve of the expert discovery cut-off – BGBT would have to seek permission from the Court to further amend its scheduling order so that BGBT could depose Daniels for a ***third*** time and Dr. Rosenberg could reopen his examination of Daniels and amend his report. *Id.* ¶ 23. Setting aside the significant time this would require and the immense, unnecessary costs BGBT would incur, this proposal is also unworkable from a practical standpoint. *Ibid* The prejudice to BGBT by Plaintiff's

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

discovery misconduct would only be compounded if BGBT were required to conduct this additional discovery at the expense of its pre-trial and trial preparation. *Ibid.*

Given the procedural posture of this case and the rapidly-approaching trial date, the only viable remedy for Daniels' failure to supplement her document production as required by Rule 26(e) is an order from the Court excluding any and all evidence of Daniels' consultation, visits and/or treatment with psychologists, psychiatrists and/or other mental health practitioners.

### B. **The Court Should Sanction Daniels By Excluding the Ho Report, Dr. Ho's Testimony and Any Other Material Furnished by Dr. Ho.**

Rule 26 requires that a witness "retained or specially employed to provide expert testimony" prepare and sign a written report to be included as part of a party's expert disclosures. Fed. R. Civ. P. 26(a)(2)(B). As relevant here, "[t]he report **must** contain [¶] a complete statement of all opinions the witness will express and the basis and reasons for them; [and] [¶] the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (emphasis added). In connection with the 1993 amendment to Rule 26, the Advisory Committee Notes state that the revised rule "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 Adv. Comm. Notes to 1993 Amendment. It is clear from the plain language of Rule 26 that "the facts or data" considered constitute a distinct category of documents and information separate and apart from (and far broader than) the expert's opinions and the basis and reasons for them. *See also* Fed. R. Civ. P. 26 Adv. Comm. Notes to 2010 Amendment ("The refocus of disclosure on 'facts or data' is meant to limit disclosure to material of a factual nature . . . . At the same time, *the intention is that 'facts or data' be interpreted broadly* to require disclosure of any material considered by the expert, from whatever source, that

contains factual ingredients. ***The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert***.") (emphasis added).

Courts in the Ninth Circuit applying Rule 26 have emphasized the importance of disclosing ***everything an expert considered (and chose not to rely on)*** in forming her opinions. When excluding testimony from an expert who failed to identify materials he considered in his report, the court reflected on the broad application of this mandatory disclosure:

> As the case law elaborates, the concept of 'consider' encompasses 'to reflect on: think about with a degree of care or caution; to think of, regard or treat in an attentive, solicitous, or kindly way.' Another court formulated the test this way: 'The data and information refers to what the expert saw, heard, considered, read thought about or relied upon . . .' One of the reasons for an expansive definition is to ensure that the opposing party will have a fair opportunity to cross-examine.

*Propat Int'l Corp. v. Rpost, Inc.*, No. SACV 03-1011 JVS (VBKx), 2005 WL 5957834, at *1-2 (C.D. Cal. Sept. 19, 2005) (internal citations omitted). Another sister court reiterated that "[t]he scope of discovery . . . should extend to documents considered but rejected by the testifying expert in reaching opinions. . . . [I]n fact, the documents considered but rejected by the expert trial witness could be even more important for cross-examination than those actually relied upon by him." *United States v. City of Torrance*, 163 F.R.D. 590, 593-94 (C.D. Cal. 1995) (internal citations and quotation marks omitted). "Since Rule 26(a)(2)(B)'s disclosure language was added, courts have overwhelmingly imposed a bright-line rule that all materials considered by a testifying expert, whether otherwise privileged or not, are automatically discoverable." *Chinitz v. Intero Real Estate Servs.*, 2020 WL 7391299, at *4 (N.D. Cal. July 22, 2020)

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

(internal citations and quotation marks omitted); *see also Pike v. Cnty. of San Bernadino*, No. EDCV 17-1680 JGB (KKx), 2019 WL 6736908, at *3-4 (C.D. Cal. July 22, 2019) (striking report and expert testimony where, among other Rule 26 violations, expert's report "fail[ed] to identify 'the facts or data' considered by [the expert] in forming his opinions"); *see also cf.* Fed. R. Civ. P. 26 Adv. Comm. Notes to 2010 Amendment ("Rules 26(b)(4)(B) and (C) [regarding work product protection for draft reports and attorney-expert communications] do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule.").

Courts across the country have held that the full results of psychological tests administered by a party's expert (test results, testing materials ***and*** raw data) are subject to mandatory disclosure as "facts or data considered" by the expert under Rule 26 and have imposed sanctions when they are not provided to opposing counsel with the report. *See, e.g.*, *Mulrine v. Acuity*, No. 3:22-cv-148, 2024 WL 2327790, at *1 (S.D. Ohio May 22, 2024) (granting motion to compel production of the "raw testing data and materials from [expert]'s examination" where defendant's neuropsychologist expert produced report only " contain[ing] summaries and analysis of ***some*** of the data and testing completed," and finding that the raw data and test materials were subject to mandatory disclosure under Rule 26(a)(2)(B) as "facts or data" considered by the expert in forming his opinions); *Taylor v. Erna*, No. 08–10534–DPW, 2009 WL 2425839, at *3 (D. Mass. Aug. 2009) (granting defendant's motion to compel "production of raw test data and related testing material" used by plaintiff's expert "in his neuropsychological evaluations of the plaintiff"); *Lyons v. Leatt Corp.*, 322 F.R.D. 327, 333-37 (N.D. Ind. 2017) (excluding report and opinions of plaintiff's expert whose expert report was deficient under Rule 26 for reasons including failure to disclose a study conducted by the expert or the measurements, photographs and other data generated in the study); *see also cf. Ioane v. Noll*, No. 1:07-cv-00620-AWI-EPG,

2020 WL 4208365 (E.D. Cal. July 22, 2020) (granting protective order requested by defendant prior to production of underlying data – including filled in psychological test answer sheets and interpretive reports – considered by defendant's expert and transcript of examination of plaintiff by defendant's expert).

The opinion in *Percelle v. Pearson*, No. 12-cv-05343-THE, 2016 WL 6427883 (N.D. Cal. Oct. 31, 2016), is instructive here. In *Percelle*, the court granted in part defendants' motion in limine to exclude the testimony of one of plaintiff's retained experts, Dr. Martin Williams, "on the basis that his opinion relies on test results . . . not properly disclosed." *Id.* at \*2; *see also generally* Lerner Decl. ¶ 24, Ex. K (Defendant's Motion in Limine No. 1, ECF No. 284 in *Percelle*). In his report, Dr. Williams "describe[d] portions of the psychological testing results." *Id.* at p. 2. In a section of the report entitled "Conclusion," Dr. Williams wrote that plaintiff's "MMPI-2RF results are consistent with what I learned about Mr. Percelle from the interview" and purported to describe the test's "subtle questions that were not directly linked to that which they measured." *Ibid.* Defendants argued that, notwithstanding his "reliance and emphasis on the psychological test results in his expert report, Dr. Williams failed to provide the test results to Defendants," resulting in severe prejudice to their case. *Id.* at pp. 2-3; *Percelle*, 2016 WL 6427883, at \*2. In opposition to the motion, plaintiff argued Dr. Williams "would have disclosed those test results to an expert designated by [d]efendants had they asked." *Ibid.* The court was not swayed by this argument, and instead held that "[t]he test results here are data" that should have been disclosed by plaintiff pursuant to Rule 26(a)(2)(B)(ii), which "imposes a duty on the proponent of the expert evidence to provide 'the facts or data considered by the witness' in forming their opinion." *Ibid.* Without access to the test results, the court concluded that defendants had been deprived of the opportunity to investigate the MMPI-2RF test results and prohibited Dr. Williams from relying on that test during his testimony. *Ibid.*

The facts of *Percelle* are directly on point. Here, Dr. Ho states in the Ho Report that she administered seven psychological tests during her hours-long evaluation of

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

Daniels, which tests are briefly described in Appendix A. Lerner Decl. ¶ 7, Ex. C, at pp. 6-7, 33-34. Dr. Ho describes select portions of the psychological testing results. *Id.* at pp. 26-29. In the section entitled "Formulation and Expert Opinions," Dr. Ho explains at length how the psychological test results informed her opinions:

> ***Psychological testing results support the presence of clinically significant anxiety, depression, and hopelessness***. ***Questionnaire data*** capture not only the intensity of her current symptoms but also highlight the extent to which they interfere with her emotional regulation, daily functioning, and beliefs about her future. ***Her responses*** are also suggestive of interpersonal hypersensitivity and a reactive self-image. . . . The presence of secondary gain should be considered, particularly given the civil litigation context. However, ***Ms. Daniels' scores across both embedded and stand-alone validity indicators does not support intentional symptom fabrication or feigning***. . . . This interpretation is bolstered by ***the results of the SIRS-2 and SIMS, which both indicated valid and non-malingered response styles; the SASSI-4, which showed no evidence of substance misuse, defensiveness, or random responding; and the results of the MMPI-3 and MCMI-IV suggesting lack of defensiveness and generally consistent responding***. Also, her ***symptom presentation is broadly consistent across testing, clinical interview, and observation***, and aligns with established patterns of stressor-exposed individuals experiencing workplace mistreatment.

*Id.* at pp. 30-31 (emphasis added). Nevertheless, despite relying on these test results to support her opinions, Dr. Ho did not include the test materials and results in her report

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

and Plaintiff has not produced them after a month and a half of requests from BGBT.[4] On the record before the Court, it would seem that Dr. Ho omitted critical results from the MMPI-3 that did not align with her conclusions about Plaintiff's mental state.

BGBT need not accept as true Dr. Ho's characterization of the tests administered and interviews conducted, and her representation that the limited selection of test results sufficiently support her findings (including her opinion that Plaintiff is legitimately suffering from severe PTSD today because she broke her acrylic nails and did not get along with her direct supervisor during the two and a half weeks she worked for BGBT in early 2023). However, Rule 26 is very clear, as is case law in the Ninth Circuit, that Dr. Ho's disclosure obligations extend far beyond what she relied on to form the basis of their opinion to include everything she ***considered*** in forming her opinions, including the test results on which she chose not to rely. Rather than allow BGBT to challenge and rebut Dr. Ho's opinions with full transparency and access to all facts and data she considered when reaching her opinions about Plaintiff's emotional distress claim, Daniels has taken the position that BGBT should simply accept that the testing results and materials say and mean what her expert says they do. Without these materials, BGBT is unable to determine what results Dr. Ho omitted from the report, whether her description of the results is accurate and reliable, if her opinions are based on sufficient facts and data and whether she has used methods generally accepted in her field to reach her opinions.

---

[4] At the IDC, Plaintiff's counsel falsely stated that Dr. Ho produced the test results but not the raw data. Not so. The Ho Report attaches brief, generic descriptions of the tests administered and interviews conducted and purports to summarize ***some*** of the results from ***some*** of the tests, but the full results were never disclosed. *See* Lerner Decl. ¶ 7, Ex. C at pp. 26-31, 33-34. In contrast, Dr. Rosenberg, BGBT's expert, provided (1) the full test results for the tests he administered; (2) audio recordings of his mental examination of Plaintiff; and (3) publicly-available test materials for the tests administered by Dr. Ho. Lerner Decl. ¶ 13, Ex. G at 50-104, 191-92 (Appendices A, B and D). He also expressed his desire to exchange raw data from the tests with Plaintiff's expert in his report. *Id.* at p. 48.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

Plaintiff cannot satisfy her burden to prove that her refusal to disclose the facts and data collected, generated and considered by Dr. Ho is harmless. In fact, when a party fails to identify expert witnesses or make Rule 26(a) disclosures timely pursuant to the Court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Plaintiff has not provided ***any*** explanation (let alone a valid one) for her refusal to disclose the psychological testing results, underlying data and materials or Dr. Ho's contemporaneous records of her June 4 evaluation of Plaintiff. Her counsel's deliberately narrow reading of Rule 26 is certainly not reason enough to excuse her obfuscation on this point for weeks on end. Plaintiff's position seems particularly indefensible when Dr. Rosenberg took no issue with timely including this very information in his expert report and offering to exchange additional data with Dr. Ho. *Id.* at 40-42, 45-46, 50-104, 191-92 (Appendices A, B and D).

Due to Plaintiff's refusal to correct the deficiencies of the Ho Report, BGBT's expert, Dr. Rosenberg, was forced to conduct his mental examination of Daniels and prepare his rebuttal to the Ho Report without access to critical information that would permit him to challenge Dr. Ho's opinions and reasoning. *Id.* at pp. 40-42. As set forth in Section II.B., *supra*, with mere days before the conclusion of expert discovery, pre-trial filing deadlines rapidly approaching and trial set for December 1, 2025, the severe prejudice to BGBT cannot be ameliorated. Forcing BGBT to conduct additional discovery at this procedural posture to accommodate Plaintiff's violation of Rule 26(a) will require BGBT to incur significant fees and costs. Lerner Decl. ¶ 23. But even more concerning is the further prejudice to BGBT, as any such late-stage discovery necessarily comes at the expense of preparing for trial. *Ibid.* The only appropriate sanction for Plaintiff's gamesmanship is the exclusion of the report and testimony of her expert, Dr. Ho, pursuant to Rule 37.

///

///

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

# IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court issue evidentiary sanctions pursuant to Rule 37, (i) excluding any evidence of Plaintiff's treatment by mental health professionals due to her failure to supplement her document production to include records of said treatment in violation of Rule 26(e); (ii) excluding the Ho Report and testimony from Dr. Ho regarding her opinions pertaining to Plaintiff's emotional distress damages due to the material deficiencies of the Ho Report in violation of Rule 26(a); and for such other and further relief the Court deems appropriate.

Dated:   August 13, 2025

                            LAVELY & SINGER
                            PROFESSIONAL CORPORATION
                            MARTIN D. SINGER
                            MICHAEL E. WEINSTEN
                            MELISSA Y. LERNER

                            By:   <u>s/ *Melissa Y. Lerner*</u>
                                MELISSA Y. LERNER
                            Attorneys for Defendant
                            BIG GRRRL BIG TOURING, INC.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS

## <u>CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2</u>

The undersigned, counsel of record for Defendant Big Grrrl Big Touring, Inc., certifies that this brief contains 6,211 words, which complies with the word limit of L.R. 11-6.1.

Dated:   August 13, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
MELISSA Y. LERNER

By:   _s/ Melissa Y. Lerner_
        MELISSA Y. LERNER
Attorneys for Defendant
BIG GRRRL BIG TOURING, INC.

DEFENDANT BIG GRRRL BIG TOURING, INC.'S MOTION FOR SANCTIONS