1  **MARTIN D. SINGER (SBN 78166)**
   **mdsinger@lavelysinger.com**
2  **MICHAEL E. WEINSTEN (SBN 155680)**
   **mweinsten@lavelysinger.com**
3  **MELISSA Y. GLASS (SBN 285216)**
4  **mglass@lavelysinger.com**
   **LAVELY & SINGER**
5  **PROFESSIONAL CORPORATION**
6  2049 Century Park East, Suite 2400
7  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
8
9  Attorneys for Defendant
   BIG GRRRL BIG TOURING, INC.
10

11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| ASHA DANIELS, an Individual; | Case No. 2:24-cv-03571 FLA (PVCx) |
| Plaintiff, | [Hon. Fernando L. Aenlle-Rocha; Magistrate Judge: Hon. Pedro V. Castillo] |
| vs. | |
| BIG GRRRL BIG TOURING, INC., a Delaware Corporation; MELISSA JEFFERSON (aka "LIZZO"), as an Individual; CARLINA GUGLIOTTA, as an Individual; AMANDA NOMURA, as an Individual, and DOES 1 through 10, inclusive, | **BIG GRRRL BIG TOURING, INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S LOST EARNINGS DAMAGES** |
| Defendants. | Final Pretrial Conference: 11/14/25<br>Trial Date: 12/1/25<br>Action Filed: 9/21/23<br>Action Removed: 4/30/24 |

7488-4

_____
MOTION IN LIMINE NO. 1

**PLEASE TAKE NOTICE** that on November 14, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B in the First Street Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Big Grrrl Big Touring, Inc. ("BGBT" or "Defendant"), will and hereby does move *in limine* for an order excluding all evidence and argument related to Plaintiff Asha Daniels' ("Plaintiff") alleged lost earnings damages pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 403.

This Motion is made following the conference of Counsel pursuant to Local Rule 7-3 which took place on September 30, 2025.

This motion is based upon this Notice of Motion and Motion, as well as the accompanying Memorandum of Points and Authorities, Declaration of Melissa Y. Glass, the records and files of this court, and any such further evidence or argument that may be allowed by the Court at or before the hearing on this motion.

Dated: October 17, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
MELISSA Y. GLASS

By: s/ *Melissa Y. Glass*
         MELISSA Y. GLASS
Attorneys for Defendant
BIG GRRRL BIG TOURING, INC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Because Plaintiff Asha Daniels ("Daniels") never furnished a computation of her lost earnings damages, and because the calculation of such damages are speculative and uncertain, the Court should preclude her from presenting at trial evidence or argument of her lost earnings pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and Federal Rule of Evidence 403.

Rule 26(a)(1)(A)(iii) requires a plaintiff to provide "a computation of each category of damages claimed by the disclosing party" and to produce "documents . . . on which each computation is based." In Daniels' initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, she listed an estimated $164,250.00 in lost earnings damages. However, none of Daniels' document production supports such damages. Moreover, Daniels was unable to explain the calculation or substantiate *any* lost earnings during her two-part deposition. Because she has failed to allege any lost earnings damages that are not speculative or uncertain, evidence of and argument about such damages should be excluded at trial.

## II.  FACTUAL BACKGROUND

Daniels worked for BGBT as a Wardrobe Asssistant on The Special Tour (the "Tour") from February 14, 2023 to March 5, 2023. ECF No. 3-1 at pp. 330-334. She was paid through the end of the Tour on March 17. Declaration of Melissa Glass ("Glass Decl.") ¶ 10, Ex. G; *see also id.* ¶ 5, Ex. B at 340:24-342.22.

The parties exchanged initial disclosures pursuant to Fed. Rule Civ. Pro. 26(a) on July 26, 2024. As part of her calculation of damages required by Rule 26(a)(1)(a)(iii), Daniels disclosed purported lost earnings in the amount of $164,250.00.

On June 6, 2024, BGBT served its first set of Requests for Production of Documents to Daniels ("RFPs (Set One)") pursuant to Rules 26 and 34. ¶ 2. This set of requests included RFP No. 29 ("RFP 29"), by way of which BGBT sought "All

DOCUMENTS that support, refer to or reflect YOUR claim for lost earnings and/or wages." *Id.* ¶ 2, Ex. A at p. 2. On July 5, 2024, Plaintiff served objections and responses to BGBT's RFPs (Set One). Glass Decl. ¶ 2. Plaintiff provided the following response to RFP No. 29:

> Plaintiff incorporates all General Objections. Plaintiff further objects to this request on the basis that it: (1) is vague, ambiguous, and overbroad; (2) seeks documents and information that are protected by the attorney-client privilege and attorney work product doctrine; (3) seeks documents and information equally available to the Propounding Party; (4) requires Plaintiff, a lay person, to form an expert legal opinion; and (5) calls for a legal conclusion. Subject to and without waiving these objections, Plaintiff responds as follows:
> ***After reasonable search and diligent inquiry, Plaintiff will produce responsive documents within her possession, custody, and control. Plaintiff is fully complying with this request, and no documents are being withheld for any reason.***

*Id.* ¶ 2, Ex. A at p. 2 (emphasis added). On July 7, 2024, Plaintiff produced 65 pages of documents responsive to the RFPs (Set One). Glass Decl. ¶ 3. None of these documents pertained to wages, earnings or job opportunities after her termination. *Ibid.* Nor did Plaintiff supplement any of her responses to produce such documents. *Id.* ¶ 4.

At her continued deposition on June 17, 2025, counsel for BGBT asked Daniels the basis for her lost earnings calculation in her initial disclosures. *See* Glass Decl. ¶ 5, Ex. B at 367:22-368:20. She answered that she would "defer to [her] lawyer." *Id.* at 368:16-25. When counsel for BGBT asked "Have you lost any jobs, benefits, earnings,

or subsequent employment as a result of anything that happened on tour?" Daniels testified:

> Once again, I would say it's not as clean cut as how you pose the question, but you know, like I wasn't at a job that I got fired from outside of this, but I definitely dealing with the anxiety, the depression, the loss of sleep, all of that after the tour, it heavily affected my ability to work and that's -- you know, that's how I make my money.

*Id.* at 370:1-23. Daniels later testified that the next time she designed clothes after leaving the Tour was in April, two weeks after the last day for which she was paid for her work on the Tour:

> Q. Okay. So now you also went and refreshed your recollection as to when the next time you were designing clothes was with respect to after you left the tour with Lizzo. Could you tell me when that was?
>
> A. And this is me trying to just recall what I just looked at. I believe in April I did a one-off design for a private customer. In May I believe that's when I sent designs for Lizzo to her team. And then in June I did a one-off engagement dress -- engagement shoot dress and a piece for a drag queen, a like one-off design for a drag queen.

*Id.* at 386:3-14. Other than stating that she would defer to her lawyer, and that she pushed back a fashion show before her *initial* employment with BGBT, Daniels did not identify one lost job opportunity or one basis for the calculation in her disclosures. *See id.* at 367:23-371:14, 386:3-14.

## III. EVIDENCE AND ARGUMENT REGARDING DANIELS' LOST EARNINGS SHOULD BE EXCLUDED

Rule 26(a)(1)(A)(iii) requires a plaintiff to provide "a computation of each category of damages claimed by the disclosing party" and to produce "documents . . . on which each computation is based." Daniels has failed to do so. "The word 'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Quintanilla v. United States*, , 2023 WL 7928696, at *2 (C.D. Cal. Oct. 24, 2023) (excluding evidence of lost future earnings where there was no basis on which to calculate plaintiff's future earnings.) Indeed, Daniels is unable to set forth any explanation for her damages, which are entirely speculative. "Damages that are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery." *Lumens Co. v. GoEco LED LLC*, 2018 WL 1942768, at *6, n.7 (C.D. Cal. Jan. 3, 2018), *aff'd*, 807 F. App'x 612 (9th Cir. 2020). Moreover,

Not only does Daniels' vague assertion that her depression and loss of sleep "affected her ability to work" offer **no way** for the jury to calculate damages, but there is absolutely no evidence to substantiate it. As previously noted, Daniels could not identify the factors or calculation methods used to reach the number set forth in her disclosures or a shred of evidence to substantiate the number that seems to have been chosen at random. As a result, any evidence and argument regarding her lost earnings should be excluded. *See, e.g.,* Fed. R. Evid. 403 (evidence excluded where its probative value is substantially outweighed by the danger of "confusing the issues, misleading the jury."); *see also Azco Biotech, Inc. v. Qiagen, N.V.*, 2015 WL 12516014, at *2–3 (S.D. Cal. Nov. 12, 2015) (granting motion in limine where the only evidence provided was plaintiff's own sales projections and goals). And Daniels does not even **come close** to offering the level of evidence that was determined to be insufficient in *Azco*. In fact, Daniels has not set forth any evidence at all. She admitted that she did not lose any job opportunities. She provided no evidence or

testimony about what income she expected to generate from the singular purported cancelled fashion show or what the missed fashion show caused her to lose, if anything. As reflected in the exhibits to the Glass declaration, Plaintiff's public Instagram posts during the past two and a half years since her termination are full of work announcements, awards, publicity and other indications of her ongoing career success. *See* Glass Decl., Exs. C-F.

In her initial disclosures, Daniels evidently put forth an arbitrary number as her lost earnings calculation. She later noted that she can only "defer to [her] lawyer" about the basis for that number and failed to provide even *one* actual job opportunity lost as a result of the allegations in the SAC. As a result, any testimony or evidence of her lost earnings would be more uncertain than probative. Indeed, it would confuse the issues and mislead the jury to allow Daniels to present evidence or argument as to her lost earnings damages. She should be precluded from doing so.

## IV. CONCLUSION

Pursuant to Rule 26(a)(1) and FRE 403, Daniels should be precluded from offering evidence or argument in support of her claim for lost earnings damages.

Dated: October 17, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
MELISSA Y. GLASS

By: s/ *Melissa Y. Glass*
     MELISSA Y. GLASS
Attorneys for Defendant
BIG GRRRL BIG TOURING, INC.

## **CERTIFICATE OF COMPLIANCE PURSUANT**
## **TO L.R. 11-6.2 AND COURT ORDER**

The undersigned, counsel of record for Defendant Big Grrrl Big Touring, Inc. certifies that this brief contains 1,425 words, which complies with the Court's Order Re: Schedule of Pretrial and Trial Dates, Trial Requirements, and Conduct of Attorneys and Parties (ECF No. 21) pertaining to the word limit for motions in *limine*.

Dated: October 17, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL E. WEINSTEN
MELISSA Y. GLASS

By:  s/ *Melissa Y. Glass*
         MELISSA Y. GLASS
Attorneys for Defendant
BIG GRRRL BIG TOURING, INC.