1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10

11   ASHA DANIELS,                          Case No. 2:24-cv-03571-FLA (PVCx)

12                        Plaintiff,
                                            **ORDER ACCEPTING FINDINGS,**
13          v.                              **CONCLUSIONS, AND**
                                            **RECOMMENDATIONS OF UNITED**
14                                          **STATES MAGISTRATE JUDGE,**
     BIG GRRRL BIG TOURING, INC.,           **OVERRULING PLAINTIFF'S**
15   *et al.*,                              **OBJECTIONS, AND GRANTING**
                                            **DEFENDANT'S MOTION FOR**
16                        Defendants.       **EVIDENTIARY SANCTIONS [DKTS.**
                                            **68, 82, 84]**
17

18

19                                      **RULING**

20
            Pursuant to 28 U.S.C. § 636, the court has reviewed Defendant Big Grrrl Big
21
     Touring, Inc.'s ("Defendant") Motion for Sanctions (Dkt. 68), Plaintiff Asha Daniels'
22
     ("Plaintiff") Opposition (Dkt. 74, "Opp'n"), Defendant's Reply (Dkt. 78), all the
23
     related records and files thereto, and the Report and Recommendation of the United
24
     States Magistrate Judge ("Report," Dkt. 82).[1]  The court has also reviewed Plaintiff's
25
     Objection to the Report and Recommendation ("Obj. to R&R," Dkt. 84), and
26

27
     _____
28   [1] The court cites documents by the page numbers added by the court's CM/ECF
     System, rather than any page numbers included natively.

                                              1

1 | Defendant's Reply to the Objection (Dkt. 95).

2 |      After having made a *de novo* determination of the portions of the Report to

3 | which Objections were directed, the court concurs with and accepts the findings and

4 | conclusions of the Magistrate Judge, which the court incorporates by reference into

5 | this Order.  The court agrees with the Magistrate Judge that evidentiary sanctions are

6 | warranted under Fed. R. Civ. P. ("Rule") 37(c), due to Plaintiff's failure to:

7 | (1) produce mental health records timely, as required by Rule 26(e)(1)(A); and

8 | (2) disclose "facts or data" Dr. Judy Ho ("Dr. Ho") relied on in forming her expert

9 | opinions, as required by Rule 26(a)(2)(B)(i), (ii).  The court, therefore, PRECLUDES

10 | Plaintiff from using on a motion, at a hearing, and at trial: (1) evidence of Plaintiff's

11 | mental health treatment by mental health professionals at any time after her

12 | termination by Defendant; and (2) Dr. Ho's report and testimony regarding Plaintiff's

13 | mental health, mental health treatment, and emotional distress damages.

14 |      Plaintiff's counsel is ORDERED to provide Plaintiff with a copy of the R&R

15 | and this Order, and submit a declaration attesting to providing Plaintiff with both

16 | documents within seven days of the filing of this Order on the court's docket.  Failure

17 | to comply with this Order and submit a declaration timely may result in the imposition

18 | of monetary sanctions against Plaintiff's counsel.

19 |      For the sake of completeness, the court will address Plaintiff's objections

20 | briefly.

21 | **DISCUSSION**

22 | **I.**    **Legal Standard**

23 |      Rule 37(c)(1) provides:

24 | 
25 |     (1) Failure to Disclose or Supplement.  If a party fails to provide information or
    identify a witness as required by Rule 26(a) or (e), the party is not allowed to
    use that information or witness to supply evidence on a motion, at a hearing, or
26 |     at a trial, unless the failure was substantially justified or is harmless.  In addition
27 |     to or instead of this sanction, the court, on motion and after giving an
    opportunity to be heard:
28 | 

2

1          (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

2

       (B) may inform the jury of the party's failure; and

3

       (C) may impose other appropriate sanctions, including any of the orders
4          listed in Rule 37(b)(2)(A)(i)–(vi).

5   Fed. R. Civ. P. 37(c)(1).

6        "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly

7   disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir.

8   2021). "The automatic nature of the rule's application does not mean that a district

9   court *must* exclude evidence that runs afoul of Rule 26(a) or (e) …, [r]ather, the rule is

10  automatic in the sense that a district court *may* properly impose an exclusion sanction

11  where a noncompliant party has failed to show that the discovery violation was either

12  substantially justified or harmless." *Id.* (italics in original). "Rule 37(c)(1) gives teeth

13  to these disclosure requirements by forbidding the use at trial of any information

14  required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly,*

15  *Ltd. v. Deckers Outdoor Corp.*, 993 F.3d 733, 1106 (9th Cir. 2001). "Courts have

16  upheld the use of the sanction even when a litigant's entire cause of action or defense

17  has been precluded," and even absent a violation of an explicit court order or a

18  showing of bad faith or willfulness. *Id.* "Implicit in Rule 37(c)(1) is that the burden is

19  on the party facing sanctions to prove harmlessness." *Id.* at 1107.

20  **II.    Plaintiff's Objections to the Report**

21       First, Plaintiff contends the court should reject the Magistrate Judge's

22  recommendation because her counsel acted diligently after learning on June 17, 2025,

23  that Plaintiff had received mental health treatment from Mary Marks and Dr. Lisa

24  Morse ("Dr. Morse") beginning in January of that year.[2]  Obj. to R&R at 10, 13.

25  _____

26  [2] Plaintiff's Objection to the Report states: "Plaintiff's counsel did not become aware
of the specific treatment providers or the relevance of their records until the June 17,
27  2025 deposition."  Obj. to R&R at 14.  This language suggests counsel was aware
Plaintiff was receiving mental health treatment but chose not to supplement Plaintiff's
28

1  According to Plaintiff, "[t]he Report mischaracterizes Plaintiff's conduct and

2  overlooks her repeated, good-faith efforts to obtain treatment records from out-of-state

3  providers Mary Marks and Dr. Lisa Morse," including through "multiple attempts to

4  contact both the individual providers and the Texas-based platform through which

5  services were accessed." Dkt. 84 at 10. The court disagrees.

6      As detailed in the Report, Plaintiff did not provide any specific facts or

7  evidence regarding her counsel's efforts to contact Mary Marks and Dr. Lisa Morse.

8  Report at 12–14. Plaintiff has not identified: (1) the specific date or dates her counsel

9  attempted to contact these providers; (2) the manner in which such attempts were

10  made; (3) what responses counsel received, if any; or (4) what efforts her counsel

11  made to respond to the providers or follow-up on her request(s) to obtain these

12  records. *See* Obj. to R&R at 10, 17 (Zambrano Decl.) ¶ 5. Plaintiff's assertions that

13  her counsel "acted promptly and in good faith to obtain and protect sensitive data" are

14  vague, conclusory, and insufficient to demonstrate her counsel actually acted

15  diligently and in good faith, as she contends.

16      Furthermore, Plaintiff does not provide any argument or legal authority to

17  establish that her counsel's efforts—which began three days before the close of fact

18  discovery, at the earliest—were sufficient to excuse Plaintiff and her counsel's failures

19  to supplement her discovery responses timely.[3] Defendant served its first set of RFPs

20

21  response to Defendant's Request for Production of Documents ("RFP") (Set One) No.
25 until counsel realized after the June 17, 2025 continued deposition that there could

22  be consequences for the non-disclosure. Nevertheless, for purposes of the subject
Motion, the court accepts Plaintiff's assertion that her counsel did not know she was

23  receiving mental health treatment until Plaintiff revealed this fact during her June 17,

24  2025 continued deposition. *See* Opp'n at 4 ("This treatment was first disclosed at
Plaintiff's continued deposition on June 17, 2025.").

25

26  [3] "A party who has made a disclosure under Rule 26(a)—or who has responded to an
interrogatory, request for production, or request for admission—must supplement or

27  correct its disclosure or response: (A) in a timely manner if the party learns that in
some material respect the disclosure or response is incomplete or incorrect, and if the

28

4

1    on Plaintiff on June 6, 2024.  Dkt. 68-1 (Lerner Decl.) ¶ 2.  Defendant's RFP (Set

2    One) No. 25 requests: "All DOCUMENTS that SUPPORT YOUR claim for

3    emotional distress damages, including, without limitation, DOCUMENTS that

4    evidence, refer to, or reflect YOUR treatment by any PERSON (including, without

5    limitation, therapists, psychiatrists, psychologists and/or other providers) and

6    medications prescribed to YOU."  Dkt. 68-2 at 3.

7        Plaintiff served her objections and responses to Defendant's RFP (Set One) on

8    July 5, 2024, and her response to RFP (Set One) No. 25 states in relevant part: "After

9    reasonable search and diligent inquiry, Plaintiff will produce responsive documents

10   within her possession, custody and control.  Plaintiff is fully complying with this

11   request, and no documents are being withheld for any reason."  *Id.*  Plaintiff, thus,

12   knew and/or should have been instructed by her counsel that she had a duty to disclose

13   she was receiving mental health treatment and produce all related documents timely if

14   she wanted to use evidence of such treatment in support of her emotional distress

15   damages claim.[4]

16   / / /

17   _____

18   additional or corrective information has not otherwise been made known to the other
     parties during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1)(A).

19

20   [4] "Counsel in a litigation have legal duties to take proactive steps in supervising and
     searching for documents in discovery that go far beyond simply acceding to a client

21   who fails (or worse, refuses) to produce or provide documents.  Counsel cannot
     simply advise clients about document requests and leave it up to the client to decide

22   whether or not to risk sanctions for failure to produce – in appropriate circumstances,
     counsel may need to personally conduct or directly supervise a client's collection,

23   review, and production of responsive documents."  *In re Soc. Media Adolescent*

24   *Addiction/Pers. Inj. Prods. Liab. Litig.*, Case No. 4:22-md-03047-YGR (PHK), 2024
     WL 4125618, at *15 (N.D. Cal. Sept. 6, 2024) (citations and parentheticals omitted);

25   *see also Optronics Techs., Inc. v. Ningbo Sunny Elec. Co.*, Case No. 5:16-cv-06370-

26   EJD (VKD), 2020 WL 2838806, at *5 (N.D. Cal. June 1, 2020) ("It is not enough for
     counsel to provide advice and guidance to a client about how to search for responsive

27   documents, and then not inquire further about whether that advice and guidance were

28   followed.").

Plaintiff offers no explanation for her failure to inform her counsel that she began receiving mental health treatment in January 2025, or her counsel's failure to inquire if she was receiving mental health treatment or needed otherwise to supplement her discovery responses, prior to her June 4, 2025 psychiatric examination and her June 2 and 17, 2025 depositions. *See* Opp'n; Obj. to R&R. Plaintiff's lack of communication with her counsel does not excuse her failure to supplement her discovery responses timely, as she appears to believe, but proves instead that she lacked diligence and failed to comply with her discovery obligation.

Even if the court were to accept *arguendo* that Plaintiff's counsel worked diligently to obtain Plaintiff's medical records after learning on June 17, 2025 that she was receiving mental health treatment—and Plaintiff has provided no facts to support this assertion—Plaintiff's counsel's belated attempt to obtain these records is insufficient to establish Plaintiff's failure to comply with her discovery obligations was substantially justified or harmless.[5]

Accordingly, the court OVERRULES Plaintiff's first objection.[6]

Second, Plaintiff contends the court should reject the Magistrate Judge's recommendation to exclude Dr. Ho's expert report and testimony because Plaintiff did

---

[5] In her Opposition, Plaintiff argues her counsel attempted to obtain her mental health records "despite the fact that the fact discovery cutoff had already passed on June 22, 2025, and Plaintiff was under no obligation to supplement discovery responses after that date." Opp'n at 6 (erroneous fact discovery cut-off date listed). While it is true Plaintiff was not obligated to obtain these records after the close of fact discovery—she cannot expect to use evidence she did not disclose timely without proving "the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Merchant*, 993 F.3d at 740. Plaintiff has not met her burden here.

[6] The court's conclusion is further supported by Plaintiff's failure to demonstrate she obtained or provided these records to Defendant as of the date of this Order. *See* Obj. to R&R. While Plaintiff was certainly under no obligation to do so, she could have supported her arguments regarding diligence and harmlessness by producing all documents requested along with a detailed explanation of her efforts to obtain these medical records. Plaintiff did not.

1   not withhold raw data improperly, and instead acted diligently by "specifically

2   request[ing] a stipulated protective order to allow for the production of Dr. Ho's raw

3   data, while also continuing efforts to retrieve the third-party psychological records."

4   Obj. to R&R at 11.[7]

5         The Magistrate Judge did not recommend exclusion of Dr. Ho's expert report

6   and testimony for failure to disclose "raw data" or "testing data," as Plaintiff contends,

7   *see id.* at 10–12, but because Plaintiff failed to provide the results of the tests Dr. Ho

8   performed, as required by Rule 26(a)(2)(B)(ii).[8]  Report at 16.  While Plaintiff argues

9   Dr. Ho's report is sufficient because it "fully identifies each of the ten (10)

10  psychological tests administered and provides a detailed analysis of their results,"

11  Opp'n at 14, the court agrees with the Magistrate Judge that "identification of the tests

12  and an analysis of their results is *not* the same as producing the results themselves,"

13  Report at 16 (emphasis in Report), and is insufficient to satisfy Rule 26(a)(2)(B)(ii).

14  *See Percelle v. Pearson*, Case No. 3:12-cv-05343-TEH, at *2 (N.D. Cal. Oct. 31,

15  2016) (prohibiting plaintiff's expert witness from relying on or testifying about a

16  psychological test for failure to disclose test results timely under Rule 26(a)(2)(B)(ii)).

17        Plaintiff does not offer any explanation for why the protective order would need

18  to be amended specifically to allow Dr. Ho to identify and produce the results of the

19

20

21

---

22  [7] Plaintiff contends "Defendant's request for Dr. Ho's raw data came only after
Defendant's own expert had completed and served their rebuttal report on July 25,

23  2025." Dkt. 84 at 7.  The court disagrees.  The evidence submitted establishes clearly

24  that Defendant wrote to Plaintiff on June 30, 2025, stating Dr. Ho's expert report was
deficient under Rule 26(a)(2)(B)(ii) for failure to "produce any of the test results …

25  used in preparing her report," and requested Plaintiff "supplement the expert witness

26  report with the required documents by July 3." Dkt. 86-2 at 86.

27  [8] An expert report "must contain: (i) a complete statement of all opinions the witness
will express and the basis and reasons for them; [and] (ii) the facts or data considered

28  by the witness in forming them[.]"  Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).

1    tests she performed.[9]  *See* Obj. to R&R; Opp'n.  Tellingly, neither Dr. Ho nor Plaintiff

2    has requested any portion of Dr. Ho's expert report be sealed—even though Dr. Ho

3    disclosed certain results in her expert report, Dkt. 68-2 at 47–51, which was not

4    designated confidential under the protective order and which Defendant filed publicly

5    without any objection.

6            Accordingly, the court OVERRULES Plaintiff's second objection.

7            Third, Plaintiff argues the recommended evidentiary sanctions should be

8    rejected because they are unduly harsh and because the Magistrate Judge did not

9    consider lesser sanctions.  Obj. to R&R at 12–14.  As Plaintiff acknowledges,

10   however, "the Ninth Circuit has held that a district court is only required to consider

11   lesser sanctions when the opposing party formally requests one." *Id.* at 12–13 (citing

12   *Merchant*, 993 F.3d at 741).  Plaintiff is the opposing party on the subject Motion.[10]

13   As Plaintiff did not identify or request lesser sanctions from the Magistrate Judge,

14   Opp'n, she cannot now object to the Report for failure to consider such sanctions.[11]

15   _____

16   [9] The court declines to address whether Rule 26(a)(2)(B)(ii) requires disclosure of
     Plaintiff's item-level responses, Dr. Ho's notes from the examination, or other "raw

17   data" used to determine the test results as that question is not material to the court's

18   ruling.

19   [10] In her Objection, Plaintiff argues she should not suffer any sanctions because
     "Defendant never formally requested a lesser sanction[.]"  Obj. to R&R at 13 (citing

20   *Merchant*, 993 F.3d at 741).  Defendant is the moving party—not the opposing party.

21   Plaintiff's argument reflects a fundamental misunderstanding of *Merchant*.  *See id.*

22   [11] In her Objection, Plaintiff states: "If the Court determines that some remedy is
     appropriate, Plaintiff respectfully requests that it consider less severe alternatives.

23   One option is to allow additional time for Plaintiff to obtain and produce the
     outstanding records from the out-of-state providers ….  Another is the imposition of a

24   modest monetary sanction, proportionate to any delay but reflecting an absence of bad

25   faith."  Obj. to R&R at 13–14.  Plaintiff's request is DENIED.  First, reopening
     discovery and granting Plaintiff yet another extension to comply with her discovery

26   obligations is not a sanction.  Second, Plaintiff fails to meet her burden to establish

27   that a "minor" monetary sanction, "estimated at no more than $1,500 to $3,000," Obj.
     to R&R at 15, is better suited to the circumstances than exclusion.  *See Merchant*, 993

28

1   *See Merchant*, 993 F.3d at 741 ("[A] noncompliant party must avail [her]self of the

2   opportunity to seek a lesser sanction by formally requesting one from the … court.")

3   (quotation marks omitted).

4          The court, therefore, OVERRULES Plaintiff's third objection.

5                                    **CONCLUSION**

6          The court ACCEPTS the Report, Dkt. 82, OVERRULES Plaintiff's Objections,

7   Dkt. 84, GRANTS Defendant's Motion for Sanctions, Dkt. 68, and ORDERS that

8   Plaintiff is PRECLUDED from using on a motion, at a hearing, and at trial:

9   (1) evidence of Plaintiff's mental health treatment by mental health professionals at

10  any time after the termination of her employment with Defendant; and (2) Dr. Ho's

11  expert report and testimony regarding Plaintiff's mental health, mental health

12  treatment, and emotional distress damages.  Defendant's evidentiary objections to the

13  Zambrano Declaration (Dkt. 95-2) are OVERRULED as not material to the court's

14  decision.

15         Plaintiff's counsel is ORDERED to provide Plaintiff with a copy of the R&R

16  and this Order, and submit a declaration attesting to providing Plaintiff with both

17  documents within seven days of the filing of this Order on the court's docket.  Failure

18  to comply with this Order and submit a declaration timely may result in the imposition

19  of monetary sanctions against Plaintiff's counsel.

20

21         IT IS SO ORDERED.

22

23  Dated: December 8, 2025

24                                                       FERNANDO L. AENLLE-ROCHA
                                                         United States District Judge

25

26  _____

27  F.3d at 741 (recognizing "a party facing sanctions under [Rule 37(c)(1)] bears the
    burden of showing that a sanction other than exclusion is better suited to the
28  circumstances.").

                                          9